632 So.2d 245 (1994)
Horace Leon YOUNG, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2353.
District Court of Appeal of Florida, Third District.
February 22, 1994.
*246 Kaeiser & Potolsky and Clayton Kaeiser, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL and HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Horace Leon Young from a judgment of conviction and sentence for trafficking in cocaine based on an adverse jury verdict. §§ 893.135(1)(b), (1)(c), Fla. Stat. (1991). We affirm.
First, the trial court properly allowed the state to amend its information after the jury was sworn to allege, as an alternative charge, that the defendant "knowingly purchased" the subject cocaine, in addition to being in knowing "actual or constructive possession" of the subject cocaine. Contrary to the defendant's argument, no prejudice to the substantial rights of the defendant was shown below with reference to this amendment. The defendant was fully aware prior to trial that the state's only evidence of knowing possession of cocaine, as charged in the original information, was that he had purchased the cocaine from an undercover police officer. Moreover, the amendment did not prejudice the defendant as to any claimed defense in the case. It is settled that "the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." State v. Anderson, 537 So.2d 1373, 1375 (Fla. 1989) (relying on Lackos v. State, 339 So.2d 217 (Fla. 1976)). Moreover, the fact that the amendment was erroneously accomplished by an unsworn interlineation, rather than a sworn-to amended information, was waived in this case because the defendant never objected below to this defect. It is settled that the failure to properly swear to an information, as required by Fla. R.Crim.P. 3.140(g), "may be waived by failure to make timely objection or by a plea to the merits." Champlin v. Cochran, 125 So.2d 565, 566 (Fla. 1960).
Second, the remaining points on appeal do not present reversible error. Because there was no evidence adduced at trial to support the asserted defense of entrapment, the trial court was correct in refusing to instruct the jury on entrapment. Further, the complained-of argument of the prosecutor, even if improper, was harmless beyond any reasonable doubt as there is no reasonable possibility that the argument contributed to the jury verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
For the above-stated reasons, the final judgment of conviction and sentence are, in all respects,
Affirmed.