658 So.2d 175 (1995)
Melvin ROSSER, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2645.
District Court of Appeal of Florida, Third District.
July 26, 1995.
*176 Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Elliot B. Kula, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and GREEN, JJ.
PER CURIAM.
The sole issue on this appeal is whether the trial court erred by permitting the State, during a probation violation hearing, to amend the affidavit to reflect the correct date that appellant was placed on probationary status. It is settled that the State may substantively amend its charging document during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant. Young v. State, 632 So.2d 245 (Fla. 3d DCA 1994); accord Hoffman v. State, 397 So.2d 288 (Fla. 1981) (amendment by the State of the date alleged in its statement of particulars should be allowed absent a showing of prejudice to defendant). Here, we find that the permitted amendment was merely technical in nature and did not affect the substantive allegations contained in the affidavit of probation violation. Consequently, we can find no prejudice to the defendant in this proceeding.
Affirmed.