692 So.2d 984 (1997)
The STATE of Florida, Appellant,
v.
Angel GARCIA, Appellee.
Nos. 97-1157, 97-1156.
District Court of Appeal of Florida, Third District.
April 30, 1997.
*985 Robert A. Butterworth, Attorney General; Katherine Fernandez Rundle, State Attorney and Angelica D. Zayas, Assistant State Attorney, for appellant.
Michael Garcia Petit, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
NESBITT, Judge.
By petition for common law certiorari, the State challenges a trial court's order denying the State's motion to amend an information. Because the trial judge became aware of the fact that an amended information had previously been docketed by the court clerk, the trial court also entered an order dismissing the amended information. We treat these now-consolidated cases as an appeal and reverse the order under review.
Angel Garcia was arrested on July 24, 1996, for the armed robbery of Reyna Fernandez. On August 12, 1996, Garcia was charged by information in Case No. 96-23352 with the robbery, however, the information gave the date of the crime as June 24, 1996. Garcia filed a notice of expiration of time for speedy trial on February 13, 1997. On Friday, February 28, 1997, the last day of the window period of recapture, the trial judge, with no jury panel available, asked whether the State, the defendant, and his counsel would stipulate to commencing trial on the following Monday, March 3, 1997. At that time, the State and defendant both had indicated they had no motions to present. When the trial judge asserted that defendant's "waiver" permitted the case to go forward to the following Monday, defendant's counsel stated he preferred the word "toll" be used "just in case it comes into play at a later date, in case something happens on Monday." The court thereafter, with the parties' agreement, reset the trial to commence the following Monday.
On that Monday, March 3, 1997, the state filed an amended information correcting the date of the crime charged to July 24, 1996. Garcia argued the case had been "tolled" only for jury selection, and that the window period had expired for all other purposes. Thus, he maintained the information could not be amended, and all pretrial matters, including the motion at issue, were time-barred. We disagree.
Florida Rule of Criminal Procedure 3.140(j) provides that an information may be amended at any time before trial because of formal defects. See, e.g., Johnson v. State, 433 So.2d 648 (Fla. 2d DCA 1983). The State may also substantively amend an information during trial, even over the defendant's objection, unless there is a showing of prejudice to the substantive rights of the defendant. State v. Anderson, 537 So.2d 1373 (Fla.1989); Lackos v. State, 339 So.2d 217 (Fla.1976); Rosser v. State, 658 So.2d 175 (Fla. 3d DCA 1995) (State could amend affidavit to reflect correct date that defendant was placed on probationary status); Young v. State, 632 So.2d 245 (Fla. 3d DCA 1994).
By agreement, time had been tolled on Friday until the following Monday. The substance of the agreement, however, was to carry the case over to the following work day. The State could do on Monday what could have been done on Friday. In the absence of a showing of prejudice, the information could be amended at any time, even after the jury had been sworn.
Although there was no allegation of prejudice, the State affirmatively proffered that there could be no prejudice because Garcia had been on notice at all times that the crime was alleged to have occurred in July, not in June. The discovery response provided by the State on August 22, 1996 clearly indicated that the crime against Ms. Fernandez *986 took place on July 24, 1996, as did the arrest form. Garcia failed to demonstrate, or even allege, prejudice resulting from the amended information. Even when urged by the State to address the issue, Garcia refused, insisting that at issue was a matter of jurisdiction.
The change from June 24, 1996 to July 24, 1996 in this case was nothing more than a clerical correction. The defendant could not, and did not, allege that he had relied on the June date to his detriment because he was on notice at all times from the arrest form and discovery response that the crime occurred in July. Garcia did not file a witness list or notice of alibi or in any way suggest that he was relying on the information erroneously indicating that the crime occurred in June. Thus, we conclude that because the State may amend an information or charging document at any time before or during trial, in the absence of prejudice to the defense, the trial court abused its discretion in refusing to allow the State to proceed.
To preserve Garcia's right to a speedy trial, the parties agreed to select a jury panel on Monday, March 3, 1997. Pursuant to this agreement, a panel was selected but not sworn. Because the panel will be asked to return following our decision, we will not entertain motions for rehearing, and our mandate will issue forthwith. Accordingly, we reverse with directions instructing the trial judge to grant the State's motion to amend, and to permit the case to go forward.