728 So.2d 779 (1999)
Eric Donnell GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2782
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
As a result of a criminal episode involving several law enforcement officers, appellant was charged with multiple offenses. Count IX, which charged appellant with battery on *780 a law enforcement officer, Deputy Parrish, was amended at trial, over objection, to name Deputy Gore as the victim. The jury found appellant guilty on all counts and judgment was entered accordingly. We agree with appellant that permitting the mid-trial amendment was harmful error. That portion of the judgment pertaining to Count IX only (and the sentence as to Count IX only) are severally reversed. In all other respects the judgment and sentences are affirmed.
Trooper Fred Jones, driving east on a desolate section of State Road 60 in the early morning, noticed appellant (who fit the description of a suspect in an auto theft case), walking on the highway. Jones stopped and offered appellant a ride into town. Hesitant at first, appellant realized that he was in the middle of nowhere; he accepted and got in the back seat. He was not under arrest at that point. In response to Jones' radio call for backup, Deputy Penney met him at the truck stop near Interstate 95. As appellant stepped out of the trooper's cruiser, Jones told him he was under arrest. Appellant started running, with Deputy Penney chasing him across the highway and through a motel. Jones drove his cruiser to the motel, where he jumped out to join the chase, leaving his car door open and the engine running. Appellant, with both officers on his heels, ran to the cruiser, jumped into the driver's seat, slammed the door on Jones' hand, and started driving away. Somehow, Jones managed to get into the back seat. Penney ran to his car, called for assistance and rejoined the chase.
Appellant accelerated up to 90 miles per hour changing lanes violently, and at times even driving on the median, to overtake and pass other vehicles. Jones managed to break away part of the partition separating the front seat from the back and, while leaning through the small opening, began struggling with appellant in an effort to force the gear shift lever into the park position. He finally succeeded momentarily, but appellant was able to get the vehicle moving again. The struggle continued and Jones again succeeded in getting the vehicle stopped. Penney, as well as Deputies Parrish and Gore who had joined the pursuit, came running up to the cruiser. They broke out the windows and sprayed appellant with pepper spray but were unable to subdue him. Deputy Gore leaned into the cruiser through the front passenger window and placed appellant in a headlock. Despite all, appellant broke free and backed the cruiser, striking Parrish's patrol vehicle and causing Gore to be thrown to the ground with minor injuries.
Appellant again drove away, but at that point Trooper Jones was able to grab the steering wheel with sufficient force to turn the cruiser into the guard rails. It then struck a large road sign causing the air bags to deploy and the vehicle to come to a stop for the third (and final) time. Apparently indomitable, appellant jumped from the cruiser and ran into a nearby woods, the officers in full chase. Ultimately, the officers were able to capture and handcuff appellant but not until, as a final act of defiance, he was able to bite Deputy Parrish's finger resulting in a permanent scar.
After the jury was sworn, the state moved to amend Count IX to charge a battery upon Deputy Gore instead of Deputy Parrish, to which appellant objected. The court found that such an amendment made after the trial had commenced would be prejudicial to appellant and denied the motion. The court stated, however, that after the evidence was in the state could renew the motion and it would be addressed again. When the state renewed the motion at the close of all the evidence, the court granted the motion to amend, finding that appellant had not shown prejudice.
We agree that the key to whether it is error to permit amendment during trial is whether the defendant is thereby prejudiced. See State v. Anderson, 537 So.2d 1373 (Fla.1989); Lackos v. State, 339 So.2d 217 (Fla.1976). While both Lackos and Anderson involved procedural issues unrelated to the issue here, the holding in Lackos was construed in Anderson as standing for the proposition that the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant. There are, indeed, a number of cases in which the *781 courts have found, on the facts of the particular case, that prejudice to the defendant could not have occurred from a mid-trial amendment to the information. See, e.g., Sanders v. State, 669 So.2d 356 (Fla. 5th DCA 1996) (amending the location of a burglary from 7427 Pine Island Road to "7427 or 7527" Pine Island Road could not have affected the manner in which the defendant prepared his defense); Young v. State, 632 So.2d 245 (Fla. 3d DCA 1994) (amending, during trial, the information to allege an alternative charge that the defendant "knowingly purchased" the subject cocaine, in addition to being in "actual or constructive possession" of the subject cocaine caused no prejudice to the substantial rights of the defendant); Hoffman v. State, 372 So.2d 533 (Fla. 4th DCA 1979), affirmed, 397 So.2d 288 (Fla.1981) (amending, during trial, the date of the offense, did not cause prejudice to the defendant where the record demonstrated that the defendant was aware of the discrepancy in dates). The common thread discernable in this line of cases is that the amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice.
There is a significant difference, however, between amending a charged offense and the filing of a new and entirely different offense. Here, the state initially could have charged appellant with battery on Deputy Gore, just as the state saw fit to charge appellant with battery on Deputy Parrish. Whatever the state's reason for not doing so, it certainly could not have been a hesitancy to add additional charges. This is not a case of an amendment which merely clarified or corrected a simple misnomer, i.e., changing the name of the officer from Joe Parrish to Josiah Parrish or Joe Parish. Nor is it a case of simply correcting the name of the victim where only a single officer was involved and no one, including the defendant, reasonably could have been misled as to the identity of the victim. This is a case, purely and simply, of a mid-trial decision by the state to charge appellant with a separate offense one that the state had elected pretrial not to bring under the guise of an amendment to the existing charge. The trial court, by granting the state's motion to amend at the conclusion of its case, thereby allowed the jury to find appellant guilty of the crime of battery on Deputy Gore, a crime for which he had not been charged and for which he was not on trial. On substantially similar facts, the fifth district held, in a well reasoned opinion by Judge Cowart, that to do so is a violation of due process. See Rose v. State, 507 So.2d 630 (Fla. 5th DCA 1987). We agree that it was here, also.
Appellant's second point, that the convictions for both burglary with a battery and battery on a law enforcement officer violated his constitutional double jeopardy protections, is without merit. See Gaber v. State, 684 So.2d 189 (Fla.1996); Billiot v. State, 711 So.2d 1277 (Fla. 1st DCA 1998). His third point, that it was error to award public defender fees without notice and hearing, has not been preserved for appellate review. See Hyden v. State, 715 So.2d 960 (Fla. 4th DCA 1998).
AFFIRMED IN PART; REVERSED IN PART.
STONE, C.J., and KLEIN, J., concur.