HAZOURI, J.
Brian Hutchinson (Hutchinson) appeals from his convictions and sentences for aggravated assault with a firearm, improper exhibition of a firearm and resisting arrest without violence. We affirm the convictions and sentences for aggravated assault with a firearm and improper exhibition of a firearm but reverse the conviction and sentence for resisting arrest without violence.
In the course of being apprehended, Hutchinson came in contact with two police officers, Brown and Schlosser. Hutchinson was charged with resisting Officer Schlosser without violence. After the state rested, Hutchinson moved for directed verdict on count III. This count alleged that appellant resisted Officer Schlosser. However, no evidence was introduced to prove that Hutchinson resisted Schlosser. Instead of directing a verdict, the trial judge allowed the state to amend the information adding Officer Brown to the charge over Hutchinson’s objection. The jury found Hutchinson guilty of the amended charge. This court has recently addressed a strikingly similar case in Green v. State, 728 So.2d 779 (Fla. 4th DCA 1999).
In Green, the defendant was charged with battery on a law enforcement officer named Parrish. During the trial, the state moved to amend the name of the victim to Deputy Gore over the defendant’s objection. Judge Owen speaking for the court wrote that this was not just an amendment but essentially the filing of a new and entirely different charge. It was not a case of correcting a misnomer. Judge Owen stated:
The trial court, by granting the state’s motion to amend at the conclusion of its case, thereby allowed the jury to find appellant guilty of the crime of battery *474 on Deputy Gore, a crime for which he had not been charged and for which he was not on trial.
Id. at 781.
As in the Green case, this was not simply an amendment which merely clarified or corrected a simple misnomer, nor was it a case of simply correcting the name of the victim where only a single officer was involved and no one, including the defendant, reasonably could have been misled as to the identity of the victim. We agree with Hutchinson that permitting the amendment was harmful error. The portion of the judgment pertaining to count III of resisting an officer without violence is reversed. In all other respects the judgment and sentences are affirmed.
Affirmed in part and reversed in part.
DELL and GUNTHER, JJ., concur.