BLUE, Judge.
J.K.P. appeals his adjudication for aggravated assault. Because J.K.P. was denied due process by the State’s amendment to the charging petition, we reverse the adjudication.
The State proceeded to an adjudicatory hearing on an amended petition alleging that J.K.P. had committed the offense of assault. Following the presentation of evidence, the State orally amended the charge to aggravated assault. Under the facts of this case, it was fundamental error for the trial court to permit the State to amend and charge a new offense subsequent to the presentation of its evidence. “[Ajmendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice. There is a significant difference, however, between amending a charged offense and the filing of a new and entirely different offense.” Green v. State, 728 So.2d 779, 781 (Fla. 4th DCA 1999). The State cannot charge and try a criminal defendant for a misdemeanor and then convict that defendant of a felony, even in juvenile court.
Accordingly, we vacate the adjudication for aggravated assault. As the evidence presented at the adjudicatory hearing supported an adjudication on the tried offense, assault, we direct the trial court to enter an adjudication for that offense. In light of the disposition imposed on this and several other charges, a new disposition hearing is not required.
Adjudication of delinquency vacated and case remanded with directions.
ALTENBERND, A.C.J., and FULMER, J., Concur.