814 So.2d 1075 (2002)
Roger CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4739.
District Court of Appeal of Florida, Second District.
January 25, 2002.
Rehearing Denied May 3, 2002.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
*1076 Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
GREEN, Judge.
The defendant, Roger Clements, appeals the trial court's judgment adjudicating him guilty of engaging in sexual activity with a person between the ages of twelve and eighteen, over whom he had familial or custodial authority. Clements raises five points on appeal, one of which requires us to reverse the conviction and order his discharge from custody.
Roger Clements' jury trial commenced upon an amended felony information charging him with engaging in sexual activity with a person between the ages of twelve and eighteen years of age, over whom he had familial or custodial authority. The trial progressed under this information for three days. On the third day of the trial, the following events took place.
At 10:17 a.m., before trial resumed, the state attorney filed a second amended felony information. The first count of the second amended felony information was similar to the first amended information upon which the trial had been progressing, except the alleged offense dates were different. The second count against Clements charged the capital felony of committing a sexual battery upon the victim, a child less than twelve years of age by a person in familial or custodial authority. The filing of this second amended information caused the first amended information upon which the trial had proceeded to become a nullity. State v. Anderson, 537 So.2d 1373, 1374-75 (Fla.1989) (asserting "the filing of an amended information purporting to be a complete restatement of the charges supersedes and vitiates an earlier information"); State v. Thomas, 714 So.2d 626, 627 (Fla. 5th DCA 1998) (holding that filing an amended information after the jury is sworn has the legal effect of a nolle prosequi of the original information).
The court and the defense were informed of the second amended information through the following exchange:
THE COURT: Is the state ready to proceed?
MS. MCSWAIN: I would like to advise the court that we have filed a second amended information. I have a copy for Mr. Comnes. I'm sure he is going to have argument about [sic] at a later time.
THE COURT: Is the state ready to proceed?
MS. MCSWAIN: Yes.
MR. COMNES: Judge, I need to bring to your attention they amended a second count capital sexual battery. I'm going to object. Green[1] stands for the prospect that they can not do this. I would like the court to review Green and strike this amendment.
THE COURT: All right, sir. I understand. I have this under advisement. State prepared call your next witness[?]
The trial then proceeded, without arraignment, upon the second amended information until the lunch recess. The trial judge then invited argument with respect to the newly filed information.
The defense counsel pointed out that he was being forced to defend against the second amended information without adequate preparation and was denied the additional jury challenges which count II would support. See Fla. R.Crim. P. 3.350. *1077 The state attorney was initially adamant that the filing of an amended information was wholly her prerogative and she needed no permission to do so. "MS. MCSWAIN: Judge, the court [sic] aware that there are plenty of cases that the state can amend any information at any time and through the state resting in it [sic] case. That is absolutely a right that the state has." Unfortunately for the state attorney, she was correct. The state attorney did not need permission from the court to file the second amended information and it became effective for its intended purpose upon being filed. See State v. Belton, 468 So.2d 495, 497 (Fla. 5th DCA 1985) (asserting "[w]ith limitations not pertinent here, the State has the right to amend an information without leave of court, and the filing of a signed and sworn amended information has the legal effect on the original information of a nolle prosequi").
During the lunch recess, the state attorney apparently realized the consequence of her earlier decision to file the second amended information. Upon returning to the courtroom, she tried to abandon the second amended information and verbally reinstate the first amended information. The state attorney and the trial judge came to the conclusion that the second amended information could not have been legally filed and proceeded upon without permission of the court. The trial judge wrote the following statement on the face of the second amended information: "Leave to amend denied by court[.] Contemporaneously State withdrew the Amended Information. Lauren C. Laughlin 9/16/99." The trial then proceeded to completion. The trial court's ruling in this regard was wrong. See Belton, 468 So.2d at 497; State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981) (holding leave of court is not a condition precedent to the filing of an amended information); Anderson, 537 So.2d 1373 (Fla.1989) (holding that state attorney could verbally readopt original information before trial and with the consent of Anderson).
Clements' rights to due process were violated upon the filing of the second amended information, and he cannot again be tried for any of the charges contained in the aforementioned informations. See U.S. Const. amends. V & XIV; art. I, § 9, Fla. Const.; Green v. State, 728 So.2d 779, 781 (Fla. 4th DCA 1999) (allowing the State under the guise of amending existing charge to amend mid-trial to charge defendant with separate offense of battery upon law enforcement officer, a charge that the State had elected pretrial not to bring, violated defendant's due process rights).
We therefore reverse Clements' conviction and sentence and order that he be discharged from custody.
Reversed with directions.
WHATLEY and SALCINES, JJ., Concur.
NOTES
[1] We believe Mr. Comnes was referring to Green v. State, 728 So.2d 779 (Fla. 4th DCA 1999).