903 So.2d 919 (2005)
STATE of Florida, Petitioner,
v.
Roger CLEMENTS, Respondent.
No. SC02-1288.
Supreme Court of Florida.
May 26, 2005.
*920 Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Chief-Assistant Attorney General, Tampa Criminal Appeals, and Susan D. Dunlevy, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
BELL, J.
We have for review the decision of the Second District Court of Appeal in Clements v. State, 814 So.2d 1075 (Fla. 2d DCA 2002), which expressly and directly conflicts with our decisions in State v. Anderson, 537 So.2d 1373 (Fla.1989), and Lackos v. State, 339 So.2d 217 (Fla.1976). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution, and, for the reasons that follow, we quash the decision of the district court and remand for further proceedings.

I. BACKGROUND
Roger Clements was charged by a one-count amended information ("first amended information") with the first-degree felony of engaging in sexual activity with a person between the ages of twelve and eighteen over whom he had familial or custodial authority. The first amended information alleged that the sexual activity had occurred between November 1, 1990, and December 28, 1997.[1]
The jury was sworn and the trial commenced on the first amended information. However, on the morning of the third day of trial, the State attempted to file a second amended information. The second amended information bifurcated the original charge. It charged Clements with the first-degree felony that was charged in the first amended information, but only for the sexual activity that occurred between October 24, 1993, and December 28, 1997, the period in which the victim was over the age of twelve. See supra note 1. The second amended information also added a second count that charged the more serious offense of capital sexual battery for the sexual activity that occurred between November 1, 1990, and October 24, 1993, the period in which the victim was under the age of twelve.[2]
*921 Clements objected to the mid-trial filing of the second amended information. The court took the issue under advisement, and, with the presentation of evidence from two witnesses, the trial proceeded until the lunch recess.[3] After the lunch recess, apparently anticipating a negative ruling from the court, the State informed the court that it would withdraw the second amended information. More importantly, the court denied the State leave to amend because it found that Clements would be prejudiced by such an amendment.[4] The court placed the rejected second amended information in the record and noted on it that leave to amend was denied and that it was contemporaneously withdrawn by the State. The trial then proceeded to completion under the first amended information and Clements was convicted as charged.
On appeal, the Second District held that the second amended information "became effective for its intended purpose upon being filed," and that the trial court erred in concluding "that the second amended information could not have been legally filed and proceeded upon without permission of the court." Clements, 814 So.2d at 1077. The district court reversed Clements' conviction and ordered that he be released from custody because his "rights to due process were violated upon the filing of the second amended information, and he cannot again be tried for any of the charges contained in the aforementioned informations." Id. at 1077.

II. DISCUSSION
The district court erred when it held that the State did not need permission from the trial court to file the second amended information and that the second amended information became effective for its intended purpose upon being filed by the State. These holdings conflict with our well-settled case law dealing with the amendment of informations.
We held in Anderson that "the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." 537 So.2d at 1375 (emphasis added). While we noted that we had abandoned the very technical and highly formalistic conventions of the past concerning the filing of amended informations, we recognized that a defendant's due process and double jeopardy rights necessarily place limits upon the State's ability to amend an information. Particularly after the jury has been sworn and the trial has commenced, the State's ability to amend an information is not unfettered.
After Anderson, the district courts have recognized the principle that a trial court must determine that the defendant will not be prejudiced by a mid-trial amendment before the State will be allowed to make such an amendment. See, e.g., Rivera v. State, 745 So.2d 343, 345 (Fla. 4th DCA 1999) ("[I]t is well-settled that the state may amend its information during trial, either as to substantive or non-substantive *922 matters, unless the defendant is prejudiced thereby."); Green v. State, 728 So.2d 779, 780 (Fla. 4th DCA 1999) ("[T]he key to whether it is error to permit amendment during trial is whether the defendant is thereby prejudiced."); Young v. State, 632 So.2d 245, 246 (Fla. 3d DCA 1994).
In this case, after the State attempted to amend the information, and after the defendant objected to the amendment, the trial court conducted the analysis that Anderson and its progeny mandate. The trial court concluded that Clements would be prejudiced by permitting the State to amend the information, so the trial court denied the State leave to amend. Contrary to Anderson and its progeny, the district court held that the State "did not need permission from the court to file the second amended information and it became effective for its intended purpose upon being filed." Clements, 814 So.2d at 1077.[5] The district court's holding was erroneous.
The second amended information was never accepted by the trial court. The jury was never aware of its existence. Clements was neither tried on nor convicted of the capital felony charge in the second amended information.[6] The trial court did precisely what the case law instructs it to do. The court properly focused on the issue of prejudice and concluded that the State's amended informationadding the capital felony chargecould not be filed because Clements would be prejudiced thereby. Essentially, the district court held that Clements' due process and double jeopardy rights were violated merely by the State's attempt to amend the information. The district court threw out a conviction (which at this point we must assume was otherwise valid and fair) and held that the defendant could never again be tried on any of the charges all because the State attempted, unsuccessfully, to amend the information.
We hold that once a trial commences, the State cannot amend the information without leave of court, and the court cannot grant leave to amend the information during trial if doing so would "prejudice ... the substantial rights of the defendant." Anderson, 537 So.2d at 1375. Because the trial court in this case concluded that the mid-trial filing of the second amended information would prejudice the defendant, that information never took effect. Instead, the first amended information charging sexual activity, on which trial commenced and on which Anderson was convicted, remained in effect. On remand, the district court should consider whether any testimony or evidence relating only to the capital felony charge in the second amended information was improperly introduced in that period when the *923 amendment issue was under advisement, and, if so, whether the error entitles Clements to a new trial on the sexual activity charge.

III. CONCLUSION
For the reasons expressed above, we quash the Second District's decision in Clements v. State, 814 So.2d 1075 (Fla. 2d DCA 2002), and remand for further proceedings consistent with this opinion.
It is so ordered.
NOTES
[1] The victim did not reach the age of twelve until October 24, 1993. Therefore, from November 1, 1990, until October 24, 1993, she was actually under the age of twelve.
[2] It is unclear from the record why the State did not file the charges in this manner in the original information or the first amended information.
[3] During this period, the State presented the testimony of an assistant principal at the victim's high school and the victim's mother.
[4] See Transcript of Record on Appeal at 421 ("The state essentially before you amend you must seek ... approval from the court and in analyzing what prejudice would befall Mr. Clements [if] I grant leave I have concluded that there could be substantive prejudice to him by doing that. Consequently, I was prepared to tell you when you came in here that I was not going to give them leave to [amend the] information.").
[5] The district court relied on State v. Belton, 468 So.2d 495, 497 (Fla. 5th DCA 1985), which held that "[w]ith limitations not pertinent here, the State has the right to amend an information without leave of court, and the filing of a signed and sworn amended information has the legal effect on the original information of a nolle prosequi." Belton did not specify what the "limitations not pertinent here" were, but the court did go on to note that "no prejudice is shown because ... the amended information was filed before any trial date had been set." Id. at 497 (emphasis added). The other cases cited by the district court also dealt with amended informations which were filed before the jury had been sworn. Most of these cases also addressed the question of prejudice to the defendant. See, e.g., State v. Stell, 407 So.2d 642 (Fla. 4th DCA 1981).
[6] Contrast this with Green, where the trial court allowed the mid-trial amendment. On appeal, the district court reversed Green's conviction, holding that the mid-trial amendment violated Green's right to due process by "allow[ing] the jury to find [him] guilty of the crime of battery on Deputy Gore, a crime for which he had not been charged and for which he was not on trial." 728 So.2d at 781.