PER CURIAM.
Appellant was adjudicated delinquent for committing the offenses of Armed Burglary with a Firearm and Grand Theft of a Firearm. Appellant asserts that the trial court erred by (i) violating appellant’s privacy right, arising from section 1002.22(3)(d), Florida Statutes (2005), by admitting testimony concerning information from appellant’s school records, (ii) denying his motion for judgment of acquittal because the name of the victim and location of the crime alleged in the charging document varied from the evidence adduced at trial, and (in) excluding the testimony of Officer Gilyard as hearsay when it was offered to impeach the testimony of an eyewitness for the State. We agree with appellant that the trial court erred by excluding Officer Gilyard’s testimony, and therefore reverse and remand for a new trial.
I.
Appellant’s objection concerning private school records has no merit because the *110 testimony at issue, from the principal of appellant’s school, was entirely from his own independent recollection of events. The trial court specifically prohibited the State from admitting any school records into evidence. Furthermore, the principal was not shown any school records during his testimony, nor has there been any allegation that the principal acquired the substance of his testimony from any protected source. Appellant’s privacy right in his educational records, as defined by section 1002.22(3)(d), has not been infringed.
II.
At the close of the State’s evidence, appellant moved for a judgment of acquittal arguing that the petition for delinquency alleged a victim and crime location different from those demonstrated by the evidence at trial. The petition for delinquency charged appellant with burglarizing 1008 Magnolia Drive, Quincy, Florida, and theft of a .38 caliber Colt Cobra firearm, the property of David Gatch. The evidence at trial revealed that the actual residence in question was 1108 Magnolia Drive, Quincy, Florida, and that the firearm actually belonged to Mr. Gatch’s father. The State orally moved to amend the petition for delinquency to reflect the evidence adduced at trial. The trial court granted the State’s motion to amend when appellant was unable to show any prejudice from such an amendment, and denied appellant’s motion for judgment of acquittal.
We affirm the trial court’s ruling because “the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant.” State v. Clements, 903 So.2d 919, 921 (Fla.2005) (quoting State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989)).
III.
Appellant’s final argument on appeal has merit and, accordingly, we reverse on this ground. During the trial, the State called Brodrick Alls to testify. Mr. Alls testified that he was with appellant on the date of the burglary and theft. He stated that he accompanied appellant into David Gatch’s backyard and observed appellant enter the victim’s home. On cross-examination, counsel for appellant asked Mr. Alls several times whether he ever told Officer Gil-yard that he was with a man named Chris Walker, not appellant, in Chattahoochee on the date of the burglary and theft. Mr. Alls repeatedly denied having made this statement. During the defense’s case, appellant called Officer Gilyard and asked him who Mr. Alls said he was with on the date of the burglary and theft. The trial court sustained the State’s hearsay objection, and did not allow the responsive testimony into evidence. Officer Gilyard’s testimony, if allowed, would have disclosed Mr. Alls’ prior statement that he was with Chris Walker in Chattahoochee on the date of the crimes.
The testimony from Officer Gilyard should have been admitted into evidence because it was offered to impeach Mr. Alls’ testimony that he accompanied appellant into David Gatch’s backyard and observed appellant enter the victim’s home. In Fitzpatrick v. State, 900 So.2d 495, 515 (Fla.2005), the Florida Supreme Court noted that statements are not hearsay when offered merely for impeachment purposes to demonstrate inconsistent statements, and not to prove the truth of the matter asserted. Therefore, as in Fitzpatrick, the hearsay rule does not preclude admission of the statements at issue. See § 90.608, Fla. Stat. (2005) (providing that “[a]ny party, including the party calling the witness, may attack the credibility of a witness by: *111 (1) Introducing statements of the witness which are inconsistent with the witness’s present testimony”); State v. Smith, 573 So.2d 306, 313 (Fla.1990) (stating that “[t]he purpose of admitting evidence of prior inconsistent statements is to test the credibility of a witness whose testimony was ‘harmful to the interest of the impeaching party’ ”); Charles W. Ehrhardt, Florida Evidence § 608.4 at 499, 503 & n. 12 (2005 ed.) (stating that “[t]here is no requirement that impeaching prior statements be made under oath,” and that “oral communications by a witness” have been permitted by Florida courts for use as prior inconsistent statements).
The State argues that if the exclusion of this testimony was error it was harmless error. However, this argument is unpersuasive. In order to prove burglary, the State must show beyond a reasonable doubt that appellant entered Mr. Gatch’s home. See § 810.02(l)(b), Fla. Stat. (2004). Mr. Alls’ testimony is the State’s only evidence placing appellant in the home. Accordingly, the erroneous exclusion of evidence that impeaches this witness cannot be characterized as harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Therefore, we reverse, vacate the sentence, and remand for a new trial.
REVERSED and REMANDED for a new trial.
WEBSTER, BROWNING and POLSTON, JJ., concur.