RAMIREZ, C.J.
 

 Michael Quattrocchi, Jr. appeals his judgment of conviction and sentence on the grounds that the trial court abused its discretion and committed reversible error in determining that the defendant was not prejudiced by the trial court allowing the State to amend its information on the morning of trial and in denying the defendant’s motion for mistrial. The amended information specified the dates when the pornographic files were created. We affirm because these dates were contained in an earlier information. Thus, the defendant had been on notice of those dates for approximately three years before the trial. Additionally, the trial court gave the defendant adequate time to re-depose the detective, as well as a four-day hiatus to develop witnesses as to the change, at the end of which the defense did not request any additional continuances. Based on the totality of these circumstances, the trial court committed no reversible error.
 

 I.
 
 Factual Background
 

 Quattrocchi was charged with fifty-nine counts of possession of child pornography. The illicit images were discovered by Quat-trocchi’s brother-in-law on April 8, 2003. Six days prior to this incident, on April 2, 2003, in a separate case, Quattrocchi was arrested for abusing his mother and had a stay away order issued against him. As a result, Quattrocchi’s sister Joanne, and brother-in-law Barry, were suspicious when they went to check on the mother’s house and on their drive back to Joanne’s house, saw Quattrocchi and two of his friends. Joanne called the police to give them a copy of the stay away order that was issued against Quattrocchi. By the time Joanne returned to her mother’s house, the police already had detained Quattrocchi outside the residence. After Joanne showed the police the stay away order, Quattrocchi was placed under arrest.
 

 Barry searched the house with permission from his mother-in-law, out of fear that Quattrocchi had firearms stored inside the residence. The police indicated that if Barry could find the firearms, the officer would confiscate them. During the search, he observed pornographic photographs of children in the defendant’s bedroom. Barry contacted a detective in the sex crimes unit concerning this matter and later gave a sworn statement.
 

 
 *331
 
 This led Officer Rafael Hernandez, a detective with the sexual battery unit of the Miami-Dade Police Department, to obtain a search warrant for the home. The search yielded 435 pornographic pictures, which had been printed from computer files. Most of the pictures depicted adults, but six or seven of the images involved children. They also impounded a computer and four hard drives where additional child pornography was found.
 

 Quattrocchi filed a motion to suppress, challenging the search of his residence where the illicit images were discovered, alleging that Barry acted as an agent of the State when he searched the defendant’s room. After conducting an eviden-tiary hearing, the trial court denied the motion.
 

 Before trial, the forensic examiner believed that the internal clock in the defendant’s computer was incorrect and resulted in an inaccurate date-stamp on the downloaded images. The counts in the June 5 amended information were thus adjusted according to this theory.
 

 At issue on appeal is the potential prejudice caused by the State’s realization on the morning of trial, September 20, 2007, after the jury had already been selected and sworn, that the computer’s battery had died while in storage, and thus the computer’s internal clock was actually working properly while the computer was in the defendant’s possession and the date stamps for the downloaded images that were amended on June 5, were actually correct. Thus, the information had to be amended again to reflect the dates originally alleged. Up to that point; the State had filed three different informations in this case, and this was the fourth amended information containing the same fifty nine counts, but changing the image creation dates back to those provided prior to June 5, 2007 amendment. The creation dates were changed back to the dates originally alleged in the statement of the particulars on October 18, 2004.
 

 The defense objected, claiming that they had prepared for trial based on the dates in the amended information, and requested a mistrial to engage in further discovery and prepare for a defense based on the original dates. The trial court noted that it had spent three days selecting a jury, so it denied the motion for mistrial. However, the trial court agreed to delay the trial until the following Monday, September 24, so that the defense attorneys could re-depose the expert.
 

 On Monday, September 24, the defense reported that they had re-deposed the expert and based on conversations with the defendant concerning the new time frame, there were several potential alibi witnesses that the defense needed to investigate. The trial court found that the defense had not been prejudiced and explained that the State would not be able to rest its case by Friday, September 28, 2007, and that the case could be continued when the judge returned from an out-of-State conference on Monday, October 1, 2007. The trial court explained that this would allow the defense a four-day hiatus to develop witnesses.
 

 The State began to present its case on September 24, 2007, and rested on Wednesday, September 26, 2007. The defense counsel noted that it needed until Friday, September 28, 2007, to complete its investigation. The court recessed until Monday October 1, 2007. The defense did not make a request on Monday, October 1, 2007, or any time thereafter, for additional time to investigate potential witnesses.
 

 The jury found Quattrocchi guilty on all fifty-nine counts of possession of child pornography. The court sentenced the defendant to a twenty year prison term to be
 
 *332
 
 followed by twenty years of probation, with the requirement that he complete a sexual offender treatment program.
 

 II.
 
 Analysis
 

 On appeal, Quattrocchi contends that the trial court committed reversible error in allowing the State to amend the information on the morning of the trial and denying the defendant’s motion for mistrial. We conclude that the trial court did not abuse its discretion in determining that the defendant was not prejudiced because the defendant had enough time to prepare for the new information and did not ask the trial court for more time after October 1, 2007. Based on the totality of the circumstances, the information was simply changed back to the dates originally alleged in 2004, of which the defendant had been on notice for three years before the trial. Therefore, the defense was not prejudiced by the trial court’s decision to allow the State to amend its information.
 

 A trial court’s ruling on a motion for mistrial is reviewed under an abuse of discretion standard.
 
 See Salazar v. State,
 
 991 So.2d 364, 371 (Fla.2008). “An abuse of discretion is generally not found unless the court’s ruling ... results in undue prejudice to [the] defendant.”
 
 Overton v. State,
 
 976 So.2d 536, 548 (Fla.2007) (alteration in original) (quoting
 
 Israel v. State,
 
 837 So.2d 381, 388 (Fla.2002)). “Discretion is abused only ‘when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court.’ ”
 
 Trease v. State,
 
 768 So.2d 1050, 1053 n. 2 (Fla.2000) (alteration in original) (quoting
 
 Huff v. State,
 
 569 So.2d 1247, 1249 (Fla.1990)).
 

 A review of the facts here indicates that the trial court did not abuse its discretion in deciding to allow the image creation dates to be amended, back to the original dates. The “[S]tate may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant.”
 
 State v. Clements,
 
 903 So.2d 919, 921 (Fla.2005) (quoting
 
 State v. Anderson,
 
 537 So.2d 1373, 1375 (Fla.1989)). There was no showing of prejudice to Quattrocchi’s substantial rights, as he was on notice of the original creation dates since October 19, 2004, for almost three years prior to June 5, 2007, when the information was incorrectly amended. The need for these prior amendments of the dates shows that the issue of the accuracy of the time clock on the computer always had been known. Therefore, though the dates were changed back to the original creation dates on September 20, 2007, the morning of the trial, the defense still had notice of these dates prior to that morning, so there is no showing of prejudice to Quattrocchi’s substantial rights.
 

 Moreover, though these amended dates were not new to the defense, the trial court took subsequent steps to ensure that the defense could properly present its case given this amended information. The court granted the defendant’s request to re-depose the State’s computer expert and agreed to delay the trial until the following Monday morning, September 24, 2007. On this date, the defense reported that it had deposed the expert. On Wednesday, September 26, 2007, when the State rested its case, the defense asked for a recess until October 1, 2007, to complete its investigation. The trial court granted this request. The defense did not make any subsequent requests for additional time to investigate potential witnesses.
 

 The facts here indicate that Quattrocchi had sufficient notice of the creation dates of the images, and the court gave the
 
 *333
 
 defense as much time as it requested to prepare its case. The judicial action in denying the motion for the mistrial was not arbitrary, fanciful, or unreasonable, so the trial court’s actions do not meet the standard of abuse of discretion.
 

 Accordingly, we affirm the defendant’s conviction and sentence.