IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RAYMOND ASHLEY OSTEEN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6007

Opinion filed October 1, 2014.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM

The Appellant, Raymond Ashley Osteen, was placed on community control/probation in September 2011 in three underlying cases. His probation was subsequently revoked in November 2013. Following a timely appeal, the

Appellant's counsel filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), and <u>In re Anders Briefs</u>, 581 So. 2d 149 (Fla. 1991). After reviewing briefs submitted by the State and the Appellant's counsel following issuance of a <u>Causey</u>[1] order, we find that the probation revocation and sentence must be reversed and remanded.

In May 2013, an affidavit of violation of probation (VOP) was filed, which included the new law violation of soliciting a prostitute. In November 2013, the trial court held a hearing on the VOP. At the hearing, the State sought to orally amend the affidavit of VOP to drop the prostitution charge and substitute five new law violations including: (1) burglary of an unoccupied dwelling, (2) possession of a controlled substance, (3) possession of burglary tools, (4) possession of drug paraphernalia, and (5) petit theft. The trial court decided to hear testimony before orally amending the affidavit of VOP. After hearing testimony, the trial court seemingly accepted the amendment and found there was a preponderance of the evidence to show that the Appellant committed the five new law violations and revoked the Appellant's probation.

It is well settled that the revocation of probation based upon a violation not alleged in the charging document is a deprivation of the right to due process of law. See <u>Perkins v. State</u>, 842 So. 2d 275, 276 (Fla. 1st DCA 2003) ("A trial court

---

[1] <u>State v. Causey</u>, 503 So. 2d 321 (Fla. 1987).

is not permitted to revoke probation on conduct not charged in the affidavit."); N.L. v. State, 825 So. 2d 509, 510 (Fla. 1st DCA 2002); Parminter v. State, 762 So. 2d 966, 967 (Fla. 2d DCA 2000). Here, the State sought to prevent a due process violation by orally amending the affidavit of VOP during the revocation hearing. However, the State can only amend its charging document during trial or hearing if there is no showing of prejudice to the substantial rights of the defendant. Rosser v. State, 658 So. 2d 175, 176 (Fla. 3d DCA 1995). Technical amendments that do not affect the substantive allegations in the affidavit of probation violation are generally permitted. Id. (finding there was no error when the trial court permitted the State to amend the affidavit to reflect the correct date that appellant was placed on probation); see also State v. Garcia, 692 So. 2d 984, 985 (Fla. 3d DCA 1997) (finding no prejudice where the State sought to amend the information to reflect the correct date of the charge).

Here, the amendment affected the substantive allegations in the affidavit of VOP. The State dropped the new law violation of prostitution and substituted new law violations for burglary, possession of burglary tools, possession of drug paraphernalia, petit theft, and possession of a controlled substance. This was not a technical amendment akin to changing the date of the alleged violation. The addition of this amendment prejudiced the substantive rights of the Appellant. As such, this Court reverses the trial court's revocation of the Appellant's probation

without prejudice as to the right of the State to refile an appropriate affidavit in this case.  See Perkins, 842 So. 2d at 276.

REVERSED and REMANDED with instructions.

ROBERTS, RAY, and SWANSON, JJ., CONCUR.