# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**GLENN RYAN CARLSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-345

[June 24, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul Backman, Judge; L.T. Case No. 11-16490 CF10A.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Monique Rolla, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, C.J.

Glenn Carlson ("Appellant") appeals his conviction and sentence for one count of resisting arrest without violence. Appellant argues that the trial court erred when it allowed the state to amend the information mid-trial. We agree and reverse.

During a law enforcement encounter, Appellant came in contact with Officers Persails and Mendez. Appellant was arrested and ultimately charged by information with resisting arrest without violence and battery on a law enforcement officer as to Officer Mendez. At trial, both Officer Persails and Mendez testified as to the events surrounding Appellant's arrest. After the state rested and the officers were released by the court, the state moved to amend the information to add Officer Persails as an alternative victim under the resisting without violence charge. Over objection, the trial court allowed the mid-trial amendment. The jury found Appellant guilty of one count of resisting without violence and one count

of battery on a law enforcement officer.[1]  This appeal follows.

Appellant contends that the trial court reversibly erred in allowing the state to amend the information mid-trial.  Specifically, Appellant argues that by adding Officer Persails as an alternative victim, the state did not truly amend the information but rather filed an entirely new charge against Appellant.  This, Appellant argues, unduly prejudiced him and deprived him of his right to due process.  The State counters that the trial court did not abuse its discretion in allowing the amendment as it merely served to clarify a small detail of the existing charge.

"[T]he state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." *Green v. State*, 728 So. 2d 779, 780 (Fla. 4th DCA 1999).  Generally, "amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice." *Id.* at 781.

Our decision in *Hutchinson v. State*, 738 So. 2d 473 (Fla. 4th DCA 1999), is instructive to this case.  In *Hutchinson*, the defendant was charged with, among other things, resisting an officer without violence. *Id.* at 473.  Because no evidence was introduced at trial to prove that the defendant resisted the particular officer listed in the information, the state amended the information mid-trial to add a different officer to the charge. *Id.*  Concluding that the amendment was improper, we held:

> [T]his was not simply an amendment which merely clarified or corrected a simple misnomer, nor was it a case of simply correcting the name of the victim where only a single officer was involved and no one, including the defendant, reasonably could have been misled as to the identity of the victim.  We agree with [the defendant] that permitting the amendment was harmful error.

*Id.* at 474; *see also Green*, 728 So. 2d at 781.

Likewise, the mid-trial amendment in the instant case was not a mere clarification of some detail in an existing charge.  Rather, under the specific facts of this case, the amendment was tantamount to adding a new charge against Appellant. *Hutchinson*, 738 So. 2d at 473-74.  Accordingly, we reverse Appellant's judgment and sentence for resisting

---

[1]  Appellant does not appeal his battery on a law enforcement officer conviction.

arrest without violence.

*Reversed.*

T<small>AYLOR</small> and M<small>AY</small>, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***