NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ULYSSES TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-3249 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed May 26, 2017.

Appeal from the Circuit Court for Highlands
County; Anthony Ritenour, Acting Circuit
Judge.

Howard L. Dimmig, II, Public Defender,
and Caroline Joan S. Picart, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

Ulysses Taylor appeals the judgments and sentences imposed following a

jury verdict finding him guilty of battery on a law enforcement officer and resisting

officers with violence. Mr. Taylor asserts seven claims of error by the trial court. After

review, we find no reversible error and affirm. We write to discuss the issues created by the State's request to amend the charging information after it announced that it had rested its case.

The information filed by the State to institute its prosecution alleged in the battery count that the officer struck was Officer Garza. The allegation was incorrect; the record from the outset indicates that the correct officer to identify as the alleged victim was Officer Tomblin. It is within this context that the claim of error is addressed.

Following a traffic infraction occurring on August 16, 2014, two officers, Garza and Tomblin, came into contact with Mr. Taylor. The situation deteriorated and the officers sought to arrest Mr. Taylor, resulting in a struggle. Consistent with earlier reports, Officer Tomblin testified at trial that Mr. Taylor struck him intentionally during the struggle. He testified that he was struck by a closed fist in the area of his chin and lip. In response, he delivered three knee strikes.

Officer Garza testified at trial regarding the same incident. He testified that he did not see Officer Tomblin being struck by Mr. Taylor. Further, he testified that Mr. Taylor did not strike him.

After the State rested, counsel for Mr. Taylor moved for a judgment of acquittal asserting correctly that the State had failed to prove that Mr. Taylor had battered Officer Garza. In fact, the evidence brought forth by the State established that Mr. Taylor had not struck or hit the officer. In response, the State asked the court for leave to reopen its case for the purpose of amending the identity of the victim alleged in the battery count from Officer Garza to Officer Tomblin. Over objection by the defense, the trial court granted the State's motion.

To complete the full picture occurring at trial, two other matters are clearly demonstrated by the record before this court. First, the correct identity of the victim was known from the inception of the case. The trial court noted that the arrest report, depositions, and a photo of the injury all correctly identified Officer Tomblin as the officer alleged to have been battered. Second, we note that the defendant offered a witness at trial who testified as to the events surrounding the arrest and, critically, that any touching of the officer was accidental and not intentional. The defense witness claimed that it was Officer Tomblin who had been struck inadvertently.

Florida Rule of Criminal Procedure 3.140(a)(2) provides that, in circuit court, prosecutions shall be made by indictment or information. Here, the State elected to bring charges by information. Each count of the information "shall allege the essential facts constituting the offense charged." Fla. R. Crim. P. 3.140(d)(1). One of the essential facts is the identity of the victim. Holborough v. State, 103 So. 3d 221, 223 (Fla. 4th DCA 2012) ("It is well established in Florida law that for crimes against persons, the name of the person victimized is an essential element of the crime that the State must prove beyond a reasonable doubt in a criminal prosecution."). Subsection (o) of the rule provides, in pertinent part, that no information or count is to be dismissed or judgment arrested because of a defect unless the information is so vague or indistinct as to mislead the accused in the preparation of a defense.

In State v. Anderson, 537 So. 2d 1373, 1375 (Fla. 1989), the supreme court discussed the procedure to be followed when addressing a proposed amendment to an information. Quoting from Lackos v. State, 339 So. 2d 217, 219 (Fla. 1976), the court noted:

> The modern trend in both criminal and civil proceedings is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial.

Anderson, 537 So. 2d at 1375. Accordingly, the supreme court concluded "that the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." Id. This is especially true where the accused did not argue, and the court did not find, that the accused did, in fact, suffer any prejudice. See id.

The rule set forth in Anderson was again addressed in State v. Clements, 903 So. 2d 919 (Fla. 2005). Writing for the supreme court, Justice Bell reiterated:

> We held in Anderson that "the state may substantively amend an information during trial, even over the objection of the defendant, *unless there is a showing of prejudice to the substantial rights of the defendant.*" 537 So. 2d at 1375 (emphasis added). While we noted that we had abandoned the very technical and highly formalistic conventions of the past concerning the filing of amended informations, we recognized that a defendant's due process and double jeopardy rights necessarily place limits upon the State's ability to amend an information. Particularly after the jury has been sworn and the trial has commenced, the State's ability to amend an information is not unfettered.

Id. at 921.

Thus, the analytical key is prejudice. The State may amend its information during trial, whether the proposed amendment is substantive or nonsubstantive, provided there is no prejudice to the accused. Two areas where prejudice may be demonstrated by the accused are a violation of due process and exposure to a double jeopardy violation. Id.

- 4 -

In Clements, the trial court properly denied the State leave to amend the information midtrial, having found that the defendant would be prejudiced by the amendment. There, the State sought by amendment to introduce a second and new charge of capital sexual battery alleged to have taken place in a time period different from that alleged in the information upon which the State had commenced trial, implicating due process and double jeopardy concerns. Clements, 903 So. 2d at 922.

In Green v. State, 728 So. 2d 779 (Fla. 4th DCA 1999), a case somewhat similar to the instant proceeding, an amendment of the information was found to be reversible error. In that case, the trial court initially denied the State's at-trial motion to amend the information to assert a charge of battery on a law enforcement officer on Deputy Gore rather than the initially named Deputy Parrish, having found that the amendment would be prejudicial to the defendant. When the State renewed its motion at the conclusion of its case, however, the trial court granted the motion. Id. at 780.

Analyzing whether amendment was appropriate, the Fourth District observed that "[t]he common thread discernable in this line of cases is that the amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice." Id. at 781. The facts in that case supported a battery charge against both Deputy Gore and Deputy Parrish. Yet, for reasons unknown, the State initially chose to charge Mr. Green with battery on Deputy Parrish and not Deputy Gore.

The Fourth District concluded that the midtrial amendment changing the charge from a battery on Deputy Parrish to a battery on Deputy Gore resulted in prejudice.

- 5 -

> This is not a case of an amendment which merely clarified or corrected a simple misnomer, i.e., changing the name of the officer from Joe Parrish to Josiah Parrish or Joe Parish. Nor is it a case of simply correcting the name of the victim where only a single officer was involved and no one, including the defendant, reasonably could have been misled as to the identity of the victim. This is a case, purely and simply, of a mid-trial decision by the state to charge appellant with a separate offense . . . .

Id.

Following the rule set forth in Anderson and Clements, we affirm based on the lack of prejudice to Mr. Taylor on this record. It is clear that all parties knew only one officer—Officer Tomblin—was the claimed victim. Distinguishable from Green, this is a case of simply correcting the name of a law enforcement victim where only a single officer was involved at the relevant time and no one, including Mr. Taylor, was misled as to the identity of the victim. In fact, our record demonstrates that Mr. Taylor presented a witness to the event, and that witness identified only one potential victim—Officer Tomblin. The defense presented no argument as to how it was prejudiced by the error, and nothing in the record indicates that the error caused confusion as to the identity of the alleged victim. There was neither a due process violation nor an implication of a double jeopardy violation. Therefore, we conclude that no error has been established.

We make two other observations. First, because this record demonstrates that the accused was well aware of this error, a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) was available. The decision not to file was likely a tactical decision. If granted before trial, the State would have been alerted to the error in the information and would have likely amended the information before trial.

Next, our record is silent as to the reason why this error was not noted by the State and corrected before trial.  The result is obvious.  It was left to the trial court and to this court to review the impact of the omission.  A review by the State during the pretrial-to-trial process likely would have discovered and corrected the error, preventing it from being an issue on appeal.

Affirmed.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.