654 So.2d 1221 (1995)
William Curtis MERCER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-356.
District Court of Appeal of Florida, Fifth District.
May 5, 1995.
Rehearing Denied June 2, 1995.
Robert Augustus Harper, Robert Augustus Harper Law Firm, P.A., Tallahassee, and James T. Reich, Ocala, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven J. Guardiano, Sr. Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
William Mercer appeals the judgment and sentence imposed following his conviction of one count of capital sexual battery under section 794.011(2), Fla. Stat. (1993). We agree with his argument on appeal that the statute of limitations barred the prosecution, and accordingly, we reverse his conviction and sentence.[1]
The limitations period in effect at the time of the action giving rise to the criminal charges controls the time in which prosecution must be initiated. Rubin v. State, 390 So.2d 322 (Fla. 1980). Here, the prohibited sexual acts were alleged to have occurred during the eight and one half months between January 1972 and September 16, 1972. Two different limitations periods were applicable during that time frame. From January 1, 1972 to July 24, 1972, there was no time limitation for prosecuting the offense of forcible intercourse on a child less than ten as the crime was punishable by death.[2] On July *1222 24, 1972, Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), holding the death penalty unconstitutional, became effective. When the death penalty fell, so too did the unlimited statute of limitations. Reino v. State, 352 So.2d 853 (Fla. 1977), receded from on other grounds, Perez v. State, 545 So.2d 1357 (Fla. 1989). From July 24, 1972 to October 1, 1972,[3] the two year statute of limitations provided in subsection 932.465(2) controlled. Reino, 352 So.2d at 861.
The problem here is that it is possible that the two charged acts were committed during the nine week period when the two year statute of limitations was in effect. Because the State failed to prove that the offenses occurred during the period when the unlimited statute of limitations controlled the prosecution of the offenses, the benefit of the possibility that the offenses occurred outside that period must be given to the defendant. See Mead v. State, 101 So.2d 373 (Fla. 1958) (statutes of limitation are to be liberally construed in favor of defendants in criminal cases). Had the State alleged the acts occurred prior to July 24, 1972, the prosecution would not have been time barred. See Perez, supra. Reversal is required because, while the statute of limitations defense is waivable,
an effective waiver may only be made after a determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.
Tucker v. State, 459 So.2d 306, 309 (Fla. 1984). No such waiver occurred here.
REVERSED.
COBB, GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] Because this issue is dispositive of Mercer's conviction, we do not address the other issues Mercer raised on appeal.
[2] Section 794.011, Fla. Stat. (1971) provided that "whoever ... unlawfully or carnally knows and abuses a female child under the age of ten years" was guilty of the offense of rape, a capital felony. Subsection 775.082(1), Fla. Stat. (1971) provided that a person convicted of a capital felony "shall be punished by death." Prosecution for an offense punishable by death could be commenced at any time. § 932.465(2), Fla. Stat. (1971).
[3] October 1, 1972 was the effective date of section 921.141, Florida Statutes (Supp. 1972), the re-enacted and revised death penalty statute which resurrected the classification of "capital crimes" and, concomitantly, the unlimited statute of limitations applicable thereto. See Ch. 72-72, § 1, at 241, Laws of Fla.; Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974).