757 So.2d 1236 (2000)
David ROSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-1543.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
*1237 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
DELL, J.
David Rosen appeals his conviction and sentence for first degree organized fraud in case number 98-2932 CF 10A.[1] He argues that the statute of limitations bars his prosecution. We reverse and remand.
According to the probable cause affidavit, dated September 5, 1997, and the information, dated February 6, 1998, appellant defrauded the following eight women: (1) From November, 1988, to February, 5, 1989, he obtained $10,608.69 from May Louise (Washington) Austing; (2) From October, 1990, to May, 1991, he obtained $15,352.38 from Daphny Pryce; (3) In August, 1991, he obtained $2,500.00 from Yvonne Forbes; (4) In December, 1993, he obtained $3,000.00 from Enid Griffiths; (5) From October, 1996, to April, 1997, he obtained $3,122.00 from Jennifer Sastroredjo (not including a $6,216.68 phone bill); (6) In August, 1997, he obtained $500.00 from Hope Smith; (7) From August, 1997, to October, 1997, he obtained $41,100.00 from Elett Baily; and (8) In October, 1997, he obtained $1,300.00 from Clover Whyte. The State charged appellant with violation of section 817.034(4)(a)1, Florida Statutes (1997), the Florida Communications Fraud Act (FCFA).
Appellant filed a motion to dismiss the information, arguing that the violations are time-barred under section 775.15(2)(a), Florida Statutes. The State argued that the last crime occurred on December 18, 1997, within four years of filing the information, and because the crime is a continuous offense, the action was not time-barred. The trial court denied appellant's motion, concluding that the last complete act controlled the tolling of the statute of limitations. Appellant pled no contest to the charge and reserved his right to appeal the denial of his motion to dismiss.
Appellant contends that the statute of limitations bars his prosecution for all eight victims. He asserts that section 775.15(2)(a), Florida Statutes, requires commencement of prosecution for a first-degree felony within four years after its completion.[2] He argues that because the *1238 first four violations are time-barred, the remaining violations are also time-barred because their prosecution would have had to commence within three years because they total less than fifty thousand dollars. See § 775.15(2)(b), Fla. Stat. Appellant also asserts that because the FCFA is not a continuing offense statute, he cannot be prosecuted for offenses occurring over the nine year period, and that prosecution for all of the offenses charged in the February 6, 1998, information is barred by the statute of limitations.
The FCFA provides as follows:
(1)(b) It is the intent of the Legislature to prevent the use of communications technology in furtherance of schemes to defraud by consolidating former statutes concerning schemes to defraud and organized fraud to permit prosecution of these crimes utilizing the legal precedent available under federal mail and wire fraud statutes....
(3)(d) "Scheme to defraud" means a systematic ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act....
(4) OFFENSES.
(a) Any person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud, punishable as follows:
1. If the amount of property obtained has an aggregate value of $50,000 or more, the violator is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
2. If the amount of property obtained has an aggregate value of $20,000 or more, but less than $50,000, the violator is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 817.034, Fla. Stat.
In Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), the Supreme Court provided guidance on classifying continuing offense statutes:
[W]e have stated before `the principle that criminal limitations statutes are `to be liberally interpreted in favor of the repose.' ... We have also said that `(s)tatutes of limitations normally begin to run when the crime is complete.' ... And Congress has declared a policy that the statute of limitations should not be extended `(e)xcept as otherwise expressly provided by law.' 18 U.S.C. s. 3282. These principles indicate that the doctrine of continuing offenses should be applied in only limited circumstances since, ... `(t)he tension between the purpose of a statute of limitations and the continuing offense doctrine is apparent; the latter, for all practical purposes, extends the statute beyond its stated term.' [U.S. v. Toussie] 410 F.2d [1156] at 1158 [(2nd Cir.1969)]. These considerations do not mean that a particular offense should never be construed as a continuing one. They do, however, require that such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.
Id. at 115.
The FCFA deals with schemes to defraud. The statute states that a scheme entails a "systematic ongoing course of conduct." This explicit language compels the conclusion that criminal conduct under this statute, under the appropriate circumstances, is subject to the application of the continuing offense doctrine. An ongoing course of criminal conduct which constitutes *1239 a scheme to defraud could therefore toll the statute of limitations.
However, in United States v. Jaynes, 75 F.3d 1493 (10th Cir.1996), the court discussed the continuing offense doctrine and how "separate offenses may be part of a common scheme without being `continuing' for limitations purposes." Id. at 1506-07. There, the State charged appellants with three counts: count one charged them with forging a name on sixty-four United States Treasury checks; count two charged them with unlawfully passing, uttering and publishing the same checks; and count three charged them with conspiring to forge, utter and publish the sixty-four checks. Id. at 1497. The court discussed how count three (conspiracy) was a continuing offense, but stated that it was less clear whether counts one and two alleged continuing offenses for limitations purposes. Although the lower court considered them continuing offenses, the Tenth Circuit stated, "A continuing offense is not the same as a scheme or pattern of illegal conduct. Thus, the fact that counts one and two may allege a common scheme sufficient to make them not duplicitous does not necessarily mean that they also allege a continuing offense." Id. at 1506-07 (citation omitted); Cf. State v. Webb, 311 So.2d 190, 191 (Fla. 2d DCA) (stating that "the crime of receiving and concealing stolen property is not a continuing offense, and the statute of limitations begins to run when the crime is complete, to wit: when the property is received and concealed with the knowledge that the same is stolen"), cert. denied, 317 So.2d 768 (Fla. 1975); Commonwealth v. Andrews, 720 A.2d 764 (Pa.Super.Ct.1998) (stating that three robberies of three different individuals, at three different apartment buildings, over a two day period, did not constitute an overlapping common scheme, but were rather separate incidents only consolidated for trial); State v. Norman, 1995 WL 434417 (Minn.Ct.App.1995)(stating that appellant's misappropriating a total of $264,512.67 over a period of three years, against 27 different victims, and for different purposes, did not constitute a single course of conduct).
Here, the record does not support application of the continuing offense doctrine. Appellant used the same or similar ploys to obtain money from each victim: He held himself out as a medical professional, he often handed the victims his "business card," he claimed he was suffering economic hardships, he claimed trouble with the I.R.S., he often spoke about Jamaica to the victims, and he stated that he needed money to buy a plane ticket for a friend. However, the record shows that each of these crimes were separated in time and unrelated to one another. Although there were similarities, each act arose from slightly different facts. Therefore, as to the eight victims, we agree with the appellant that the State failed to advance allegations that would show that the combination of crimes constituted an ongoing course of criminal conduct that would toll the statute of limitations. See United States v. Jaynes, 75 F.3d 1493 (10th Cir. 1996).
The record shows that the last four charges in the information were filed within the statutory period and are sufficient to support a conviction for organized scheme to defraud, as provided in section 817.034(4)(a)2, Florida Statutes. These charges occurred against Jennifer Sastroredjo from October, 1996 to April, 1997; against Hope Smith in August, 1997; against Elett Baily from August, 1997 to October, 1997; and against Clover Whyte in October, 1997. Thus, for these last four victims, the information filed on February 6, 1998, was well within the statutory period.
We do not reach the question of whether the statute of limitations was extended by section 775.15(3)(a), Florida Statutes. Based on the record before us, the State did not raise the applicability of the statute in its brief nor in the trial court. See Maguire v. State, 453 So.2d 438 (Fla. 2d DCA 1984).
*1240 Accordingly, we reverse the order denying appellant's motion to dismiss, and we reverse his conviction and sentence for first degree organized fraud under section 817.034(4)(a)1, Florida Statutes. We remand this cause to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
WARNER, C.J., and STONE, J., concur.
NOTES
[1] Appellant's notice of appeal also refers to case numbers 95-5353 CF 10A and 97-25406 CF 10A. These cases do not involve any of the victims identified in the appeal from case number 98-2932 CF 10A. Other than a brief statement of the underlying charges, appellant has failed to assert any error in the convictions and sentences rendered in case numbers 95-5353 and 97-25406. Therefore, we deem those appeals abandoned.
[2] Section 775.15(3)(a), Florida Statutes (1997), provides,

If the period prescribed in subsection (2) has expired, a prosecution may nevertheless be commenced for:
(a) Any offense, a material element of which is either fraud or a breach of fiduciary obligation, within 1 year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who himself is not a party to the offense, but in no case shall this provision extend the period of limitation otherwise applicable by more than 3 years.