820 So.2d 405 (2002)
Ronald HEMPHILL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2592.
District Court of Appeal of Florida, Second District.
June 26, 2002.
*406 CASANUEVA, Judge.
Ronnie Hemphill appeals the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment on all issues but one.
Hemphill claims that his plea was involuntary due to ineffective assistance of counsel. Specifically, he alleges that his counsel failed to file both a motion for a statement of particulars narrowing the time frame set forth in the information and a motion to dismiss asserting the expiration of the statute of limitations. Hemphill also alleges that he would not have pleaded had counsel filed such motions. Because we conclude that the crime as charged by the State may have been barred by the statute of limitations, we reverse and remand for an evidentiary hearing.
The State charged that between November 1992 and November 1993 Hemphill committed a single violation of section 794.041(2)(b), Florida Statutes (1991), which proscribes engaging in sexual activity with a child by a person in a position of familial authority. Absent any tolling provision, the statute of limitations would have expired long before the prosecution commenced in January 1999 upon the filing of the information. See § 775.15(2)(a), Fla. Stat. (1993) (providing a four-year statute of limitation for first-degree felonies).
The trial court found that the statute of limitations had been tolled pursuant to section 775.15(7), Florida Statutes (1993), which provides:
If the victim of a violation of s. 794.011, s. 794.05, s. 800.04, or s. 826.04 is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier.
(Emphasis added.) The problem with this analysis is that section 775.15(7) does not and has never included section 794.041 as a statute to which its tolling provisions apply. However, by chapter 93-156, sections 3 and 4, at 909-911, Laws of Florida, effective October 1, 1993, section 794.041 was repealed and reenacted as part of section 794.011, which is a statute to which the tolling provisions of section 775.15(7) apply. Therefore, if Hemphill's offense occurred on or after October 1, 1993, he could have been properly charged under *407 section 794.011, and the statute of limitations would not have run.
The 1998 criminal affidavit initiating this case reflects that the offense occurred months before October 1, 1993. The tolling provisions of section 775.15(7) are not applicable to violations of section 794.041 committed before October 1, 1993. If Hemphill's offense occurred before then, his prosecution would have been barred by the statute of limitations.
Hemphill's allegations of involuntary plea and ineffective assistance of counsel were sufficient to require the trial court either to hold an evidentiary hearing or to attach to its order denying the rule 3.850 motion the portions of the record conclusively showing no entitlement to relief. The trial court attached only the transcript of the plea proceedings, which does not show conclusively that Hemphill is not entitled to relief on this ground.
Therefore, the order of the trial court is reversed and the case remanded for an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
GREEN and DAVIS, JJ., concur.