828 So.2d 1060 (2002)
Robert RODRIGUEZ-CAYRO, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D02-625.
District Court of Appeal of Florida, Second District.
October 23, 2002.
J. David Pobjecky, Winter Haven, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Respondent.
ALTENBERND, Judge.
Robert Rodriguez-Cayro seeks a writ of certiorari from this court to quash the order of the circuit court denying his petition for writ of prohibition. Mr. Rodriguez-Cayro filed the petition for writ of prohibition in the circuit court to enjoin misdemeanor stalking charges that were pending against him in county court. He maintains that at least a portion of the criminal proceeding is barred by the statute of limitations. We deny the petition for writ of certiorari. We conclude the circuit court applied the correct law[1] to determine that stalking is a continuing course of conduct crime for which the statute of limitations did not begin to run until the alleged course of conduct ended.
Mr. Rodriguez-Cayro was charged on September 27, 2000, with misdemeanor stalking pursuant to section 784.048(2), Florida Statutes (2000), for events occurring between December 1, 1995, and September 26, 2000. He moved to dismiss the charges, arguing that pursuant to the two-year statute of limitations for first-degree misdemeanors set forth in section 775.15(2)(c), Florida Statutes (2000), he could not be charged with any of the incidents alleged to have occurred before September *1061 27, 1998. The county court disagreed and denied the motion.
Mr. Rodriguez-Cayro sought a writ of prohibition from the circuit court, seeking to prevent continued prosecution for any events prior to September 27, 1998. See, e.g., Lewis v. State, 765 So.2d 163 (Fla. 2d DCA 2000) (granting writ of prohibition to prohibit prosecution for crimes barred by statute of limitations). The circuit court denied the writ. The circuit court concluded that stalking was a continuing course of conduct crime for which the statute of limitations begins to run only when the course of conduct stops. We agree.
Section 775.15(4), Florida Statutes (2000), provides in relevant part that "[a]n offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated." Section 784.048, Florida Statutes (2000), the statute prohibiting stalking, evinces a legislative purpose to prohibit a continuing course of conduct. Section 784.048(2) states that "[a]ny person who willfully, maliciously, and repeatedly follows or harasses another person commits the offense of stalking." Moreover, the definition of "harass" in section 784.048(1)(a) states: "To engage in the course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." Section 784.048(1)(b) defines "course of conduct" as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose."[2] Because the legislature has clearly defined stalking as a "continuing course of conduct" crime, see Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), the statute began to run when Rodriguez-Cayro stopped the conduct. The information alleged that this occurred in 2000. The circuit court properly denied the writ of prohibition.
Mr. Rodriguez-Cayro also argues that the specific incidents alleged in the bill of particulars provided by the State are isolated and do not establish a true continuing course of conduct. Essentially, he is arguing that the earliest events are sufficiently separated from the later events by time or character so that the earliest events should not be included within the course of conduct. This argument does not address the application of the statute of limitations and provided no basis for the circuit court to issue a writ of prohibition. Certainly, Mr. Rodriguez-Cayro is free to argue this issue as a matter of relevance and admissibility at trial, but he cannot use this argument to establish a lack of jurisdiction in the county court.
Petition for writ of certiorari denied.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] Mr. Rodriguez-Cayro has not argued that the circuit court denied him due process. Therefore our analysis is limited to whether the circuit court applied the correct law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla. 1995).
[2] Computer research discloses at least one other state that has determined stalking to be a "continuing course of conduct" crime. See State v. Criswell, No. 01C01-9804-CR-00163, 1999 WL 228795 (Tenn.Crim.App. Apr.21, 1999) (unpublished opinion) (holding twelve-month statute of limitations for stalking began to run when stalking ended because stalking is continuous offense based on repeated course of conduct and citing State v. Hoxie, 963 S.W.2d 737 (Tenn.1998) (noting, in different context, that stalking offenses require proof of continuous course of unlawful conduct)). This "unpublished," yet published opinion is at least worthy of our consideration to assess the correctness of our reasoning.