979 So.2d 256 (2007)
Roger CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4739.
District Court of Appeal of Florida, Second District.
August 10, 2007.
*257 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
PER CURIAM.
This appeal is on remand from the Florida Supreme Court. See State v. Clements, 903 So.2d 919 (Fla.2005). We reverse on one of the issues raised by Clements in his original initial brief to this court and remand for his discharge.
In Clements v. State, 814 So.2d 1075, 1077 (Fla. 2d DCA 2002), this court reversed Clements' conviction for sexual activity with a person between the ages of twelve and eighteen over whom he had familial or custodial authority. During the third day of trial, the State filed a second amended information alleging different offense dates and a second count of capital sexual battery. Id. at 1076. The trial court took the issue under advisement, and the trial proceeded. After a recess, the State asked the court to abandon the second amended information, and the trial court agreed that the second amended information was never properly filed and accepted by the trial court. Id. at 1077. The trial then proceeded on the original count of sexual activity. On appeal, this court concluded that the second amended information became effective upon being filed and that the filing of the second amended information violated Clements' rights to due process. Id. This court held that Clements could not be tried for any of the charges in the informations and ordered that Clements be discharged on remand. Id.
The Florida Supreme Court held that because the State could not amend the information without permission from the trial court, the second amended information never took effect. Clements, 903 So.2d at 922. The supreme court accordingly quashed this court's decision and ordered that on remand this court should consider "whether any testimony or evidence relating only to the capital felony charge in the second amended information was improperly introduced in that period when the amendment issue was under advisement, and, if so, whether the error entitles Clements to a new trial on the sexual activity charge." Id. at 922-23.
On remand, this court directed Clements' appellate counsel to file a supplemental brief addressing the above issue and explained that the remaining issues raised in the original initial brief would be considered by this court. Clements filed a supplemental *258 brief, claiming that no testimony was presented that related only to the capital felony charge in the second amended information while the amendment issue was under advisement and that Clements suffered no prejudice. Clements states in the supplemental brief that "this court should consider the other four issues raised in the initial brief."
In point two of his original initial brief, Clements argues that his conviction is barred by the statute of limitations. The original information was filed in 1998, and the first amended information, on which Clements was tried, was filed in 1999. The first amended information alleged a time frame for the offense of November 1, 1990, to December 28, 1997. Clements claims that from November 1990 to the end of 1993, the statute of limitations for the offense of sexual activity with a child by a person in familial or custodial authority was four years from when the offense was committed.[1]See § 794.041, Fla. Stat. (1989-1992) (proscribing the offense, a first-degree felony); § 775.15(2)(a), Fla. Stat. (Supp.1990-1992) (providing the time limitations for prosecution of first-degree felony). Effective October 1, 1993, section 794.041 was repealed and reenacted as subsection (8) of section 794.011. See ch. 93-156, §§ 3, 4, at 911, § 27 at 933, Laws of Fla. Section 775.15(7), Florida Statutes (1993-1997), tolls the statute of limitations for a violation of section 794.011.
If the victim of a violation of s. 794.011, s. 794.05, s. 800.04, or s. 826.04 is under the age of 16, the applicable period of limitation, if any, does not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency or other governmental agency, whichever occurs earlier. Such law enforcement agency or other governmental agency shall promptly report such allegation to the state attorney for the judicial circuit in which the alleged violation occurred. This subsection applies to any such offense except an offense the prosecution of which would have been barred by subsection (2) on or before December 31, 1984.
§ 775.15(7), Fla. Stat. (1993-1997). Clements claims that the exact date of the offense was never established and that he must be given the benefit of the possibility of it occurring prior to the effective date of section 794.011(8) and of the tolling provision with respect to section 794.011(8). He argues that because the State did not prove that the offense occurred on or after that effective date, the prosecution was for a violation of section 794.041 and was therefore untimely.
It is correct that the statute of limitations for a violation of section 794.041 between 1990 and September 30, 1993, began to run after the offense was committed and that the tolling provision in section 775.15(7), Florida Statutes (1993-1997), would not apply. In Hemphill v. State, 820 So.2d 405, 406 (Fla. 2d DCA 2002), this court held that the tolling provision in "section 775.15(7) does not and has never included section 794.041 as a statute to which its tolling provisions apply." Although in 1993 section 794.041 became a part of 794.011  "a statute to which the tolling provisions of section 775.15(7) apply"  "[t]he tolling provisions of section 775.15(7) are not applicable to violations of *259 section 794.041 committed before October 1, 1993." Hemphill, 820 So.2d at 406-07.
If the offense was committed before or on September 30, 1993, it would have constituted a violation of section 794.041 subject to the four-year statute of limitations. If the offense was committed on or after October 1, 1993, it would have constituted a violation of section 794.011(8) and the tolling provision of section 775.15(7), Florida Statutes (1993-1997), would toll the statute of limitations until the victim turned sixteen or when the violation was reported to a government agency, whichever was earlier. See Hemphill, 820 So.2d at 406-07 ("[I]f Hemphill's offense occurred on or after October 1, 1993, he could have been properly charged under section 794.011, and the statute of limitations would not have run.").
In Mercer v. State, 654 So.2d 1221 (Fla. 5th DCA 1995), the defendant was charged with committing capital sexual battery alleged to have occurred within an eight-and-one-half-month period from January 1972 to September 16, 1972. Two different limitations period were applicable to this time frame; from "January 1, 1972[,] to July 2[3], 1972, there was no time limitation," but from July 24, 1972, to October 1, 1972, a two-year statute of limitations controlled. The court said that it was possible that the offense occurred during the period of time when the two-year statute applied because the State failed to prove that the offense occurred when the unlimited statute of limitations controlled. Id. at 1222. The benefit of the possibility must be given to the defendant. Id.
The first-degree offense of sexual activity by a person in a position of familial authority requires that the person engage the child in an act that constitutes sexual activity or sexual battery. See § 794.041(2)(b), Fla. Stat. (1989-1992); § 794.011(8)(b), Fla. Stat. (1993-1997). Sexual activity or sexual battery means "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." § 794.041(1), Fla. Stat. (1989-1992); § 794.011(1)(h), Fla. Stat. (1993-1997). The State did not prove that Clements committed sexual battery on the victim on or after October 1, 1993. The victim testified that Clements began touching her "a couple of weeks after" she and her family moved in with him, which occurred in 1991. She testified that he put his penis inside her vagina and that he put his mouth on her vagina, but she did not testify when this happened. The victim did not provide any specific dates of when the various incidents constituting sexual battery occurred. She testified that she and her family moved out of Clements' house and then moved back in, but after they moved back in, Clements did not touch her again.
Both the victim's sister and the victim's mother testified that Clements touched the victim. The victim's sister testified that Clements touched the victim inappropriately when the sister lived in the house, and the sister testified that she moved out in 1994 and again in 1996. The sister did not provide specific dates or elaborate on the touching that occurred. The victim's mother testified that they moved out in 1995 because "[the victim] told [her] Roger had been touching her" and that they again moved out in 1997 because "[the victim] told [her] again that Roger was touching her." But the mother did not testify what type of touching occurred. Detective Fenton also testified that the victim told him that Clements touched her, attempted to have sex with her, and placed his mouth on the victim's vagina twice. Fenton stated that the activity occurred a couple of years before the victim told her *260 mother about it, but he did not give any specific dates.
A doctor who examined the victim in 1998 testified that the examination revealed that the victim had had sexual intercourse on multiple occasions in the past. The doctor testified that the victim stated she had had sex only with Clements, but the doctor also stated that the victim could have engaged in the sexual intercourse as young as eleven years of age. Therefore, the doctor's testimony did not indicate specifically when the alleged sex between Clements and the victim occurred.
The most specific evidence of when a sexual battery occurred came from defense witness Joy Rusic, an investigator with the Department of Children and Families (DCF), who investigated reports of abuse made in 1997. She testified that she spoke with the victim in December of 1997 and that the victim told her that "about two years prior to that [Clements and the victim] had full sexual intercourse." This indicates that sexual battery occurred in 1995; however, this statement was offered by the defense in an attempt to impeach the victim's testimony and is hearsay that is not admissible as substantive evidence of Clements' guilt. See McNeil v. State, 433 So.2d 1294, 1295 (Fla. 1st DCA 1983).
When the statute of limitations issue is raised, the State has the burden to establish that an offense is not barred by the statute of limitations. Maguire v. State, 453 So.2d 438, 440 (Fla. 2d DCA 1984). In criminal cases, the statute of limitations must be liberally construed in favor of the accused. Netherly v. State, 804 So.2d 433, 436 (Fla. 2d DCA 2001). In Mercer, "[b]ecause the State failed to prove that the offenses occurred during the period when the unlimited statute of limitations controlled the prosecution of the offenses," the court held that "the benefit of the possibility that the offenses occurred outside that period must be given to the defendant." 654 So.2d at 1222. While there was some evidence indicating that some type of touching or inappropriate activity occurred after October 1, 1993, this evidence was not sufficient to prove that a sexual battery under section 794.011(8)(b) occurred. Because there is no substantive evidence to prove that the charged offense occurred after October 1, 1993, it is possible that the offense occurred prior to that date and we must, in construing the statute of limitations liberally in favor of the accused, conclude that the four-year statute of limitations applicable to offenses occurring prior to October 1, 1993, barred the prosecution of the offense because the information was not timely filed in 1997.
The State claims that Clements' alleged conduct was a continuing offense and that the statute of limitations did not begin to run until the conduct terminated. The State relies on section 775.15(4), Florida Statutes (1989-1997), which provides that "[a]n offense is committed either when every element has occurred or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated." The State claims that the nature of the offense indicates that it was a continuing one and that it ended when the victim and her family moved out of Clements' house in 1997.
Nothing in the applicable statutes, sections 794.041, Florida Statutes (1989-1992), and 794.011(8)(b), Florida Statutes (1993-1997), indicates that the legislature intended to prohibit a continuing course of conduct when proscribing the offense of sexual activity by a person in familial or custodial authority. See O'Malley v. *261 Mounts, 590 So.2d 437, 438 (Fla. 4th DCA 1991) (holding that the language of the grand theft statute does not suggest that the legislature intended grand theft to be a continuing offense); cf. Rodriguez-Cayro v. State, 828 So.2d 1060, 1061 (Fla. 2d DCA 2002) (holding that stalking statute evinces a legislative purpose to prohibit a continuing course of conduct); Rosen v. State, 757 So.2d 1236, 1238-39 (Fla. 4th DCA 2000) (holding that the explicit language of the statute indicates that under certain circumstances, the prohibited fraud is subject to the continuing offense doctrine). A person may be convicted of sexual battery by a person in a familial or custodial authority based on one incident of penetration or union. Therefore, the State's argument is without merit.
Because the State did not prove that the offense occurred within the statute of limitations period, we reverse Clements' conviction and remand for his discharge.
Reversed and remanded.
WHATLEY, SALCINES, and CANADY,[2] JJ., Concur.
CANADY, J., Concurs specially with opinion.
CANADY, Judge, Concurring specially.
I concur in the court's disposition of this case. I write separately to explain that I disagree with the holding in Hemphill and would conclude that the tolling provision of section 775.15(7), Florida Statutes (1997), was applicable to the offense charged against Clements. However, even if the tolling provision applied, the prosecution was still untimely.
The final sentence of section 775.15(7) unequivocally provides that the tolling provision applies to any of the offenses codified in section 794.011, Florida Statutes (1997). Among those offenses is the crime of sexual activity with a child by a person in familial or custodial authority. In 1993, this crime, which had previously been codified in section 794.041, was transferred to section 794.011(8). When the crime became a part of section 794.011, it became subject to the tolling provisions of section 775.15(7).
By transferring the crime of sexual activity with a child by a person in familial or custodial authority to section 794.011, the legislature evinced a clear intent to make "any such offense" subject to the tolling provision of section 775.15(7)unless the prosecution of the offense had been barred prior to being made subject to the tolling provision. See Stogner v. California, 539 U.S. 607, 632-33, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003) (holding "that a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution"); Andrews v. State, 392 So.2d 270, 271 (Fla. 2d DCA 1980) ("The legislature can extend the limitations period without violating the constitutional prohibition against ex post facto laws if it (a) does so before prosecution is barred by the old statute, and (b) clearly indicates that the new statute is to apply to cases pending when it becomes effective."); Scharfschwerdt v. Kanarek, 553 So.2d 218, 220 (Fla. 4th DCA 1989) (applying the principle articulated in Andrews to section 775.15(7)). Even liberally construing the statute in favor of the defendant, the tolling provision cannot reasonably be understood as excluding from the scope of its operation every offense of sexual activity *262 with a child by a person in familial or custodial authority that was committed prior to October 1, 1993. The statutory section in which the crime was codified at the time of the offense is irrelevant to the operation of the tolling provision.
I thus disagree with the view adopted in Hemphill. In my view, Hemphill is based on a hyperformalistic reading of section 775.15(7)a reading which is inconsistent with the manifest legislative purpose.
Even if Hemphill had been decided differently and the tolling provision did apply here, the result would be the same. The alleged abuse of the victim by Clements was reported to DCF in 1994, thereby triggering the four-year statute of limitations. The amended information was not filed until September 1999, more than four years after the violation was reported. Therefore, the prosecution was untimely even considering the tolling provision.
NOTES
[1] Clements' argument is premised on the understanding that chapter 93-156, Laws of Florida  which provided for the tolling of the statute of limitations for the offense at issue here  took effect on January 1, 1994. That provision actually took effect on October 1, 1993. Ch. 93-156, § 27 at 933, Laws of Fla.
[2] Judge Canady has been substituted for Judge Green, who was on the original Clements panel.