*73
 
 GERSTEN, C.J.
 

 The State of Florida (“the State”) appeals an order dismissing criminal charges based on expired statute of limitations. We affirm.
 

 The State charged Abelardo Suarez (“the defendant”) by information with third-degree grand theft and burglary of an unoccupied dwelling. Thereafter, the State issued a warrant for the defendant’s arrest while he was incarcerated in a federal prison located in Florida.
 

 Shortly after he was released from federal prison, the statute of limitations on the defendant’s charges expired. Nonetheless, the State served the warrant on the defendant and arrested him. Subsequently, the defendant sought dismissal of the charges based on the expiration of the statute of limitations. The trial court dismissed the charges, and the State appealed.
 

 The issue here, which appears to be one of first impression, is whether incarceration in a federal prison located within the state constitutes absence from the state for purposes of the statute of limitations period. Before proceeding further, we note that statutes of limitations are construed liberally in favor of the accused.
 
 See State v. King,
 
 282 So.2d 162, 165 (Fla.1973);
 
 Mead v. State,
 
 101 So.2d 373 (Fla.1958);
 
 Clements v. State,
 
 979 So.2d 256 (Fla. 2d DCA 2007).
 

 The State contends that the statute of limitations was tolled because the defendant’s federal imprisonment constituted an absence from the state even though he was physically located within the state. The defendant asserts that the statute of limitations was not tolled because he was incarcerated within the State of Florida. Thus, the defendant claims he was physically present and not absent from the State of Florida. We agree with the defendant.
 

 A criminal prosecution commences “when either an indictment or information is filed, provided the capias, summons, or other process issued on such indictment or information is executed without unreasonable delay.” § 775.15(5)(b), Fla. Stat. (2001). The indictment or information is executed when it is served on the defendant.
 
 State v. Fields,
 
 505 So.2d 1336, 1337 (Fla.1987).
 

 Both sections 775.15 and 812.035, Florida Statutes (2001), provide for tolling of the statutory time period during any time that the defendant is “continuously absent from the state or has no reasonably ascertainable place of abode or work within the state.” Clearly, if the limitations period was not tolled while the defendant was in the federal prison in Florida, the statutes of limitations applicable to the defendant’s charges expired prior to service of the arrest warrant.
 
 See
 
 §§ 775.15, 812.035(10).
 

 Here, the State argues that presence within the state means within the state’s jurisdiction. The statute, however, refers to place of abode or work within the state, which equates to a geographic location. Thus, the statute simply requires that a defendant be physically located within the state so that he or she may be served with process.
 

 Additionally, the State conceded that it could have served the arrest warrant on the defendant at the federal prison where he was incarcerated. Further, any delay in actually bringing the defendant to trial would have been excused under the speedy trial rule. Fla. R. Crim. P. 3.190(3). Thus, there was no obstacle to serving the arrest warrant on the defendant within the limitations period and trying him upon his release from federal prison.
 

 
 *74
 
 Under the circumstances, the trial court astutely dismissed the charges against the defendant because the State failed to serve process upon the defendant within a reasonable time as required under the statute of limitations. Accordingly, we affirm the judgment below.
 

 Affirmed.