Filed 3/8/21  P. v. Reyes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073754 |
| v. | (Super.Ct.No. FWV18000219) |
| EUSTAQUIO GARCIA REYES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Knish, Judge.  Affirmed in part; reversed in part with directions.

Lizabeth Weis, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

A jury found defendant Eustaquio Garcia Reyes guilty as charged of 10 counts of sexually molesting three girls, Does 1, 2, and 3.[1]  The jury also found a One Strike law, multiple victim allegation true—namely, that counts 3 through 10 involved multiple victims under the age of 14 years.  (§ 667.61, subds. (e), (j)(2).)  In a bifurcated trial, the court found that defendant had one prior strike conviction (Pen. Code, § 667, subds. (b)-(i))—namely, a 1990 Florida conviction for violating former Florida Statutes section 794.041.

Defendant was sentenced to an indeterminate term of 460 years to life, comprised of 10 consecutive terms:  two 30 year-to-life terms (15 years to life, doubled) on counts 1 and 2, and eight 50 year-to-life terms (25 years to life, doubled) on counts 3 through 10. In this appeal, defendant raises two claims of error:  (1) insufficient evidence supports his lewd act conviction in count 3, and (2) insufficient evidence shows that his 1990 Florida conviction for violating the former Florida Statutes section 794.041, constitutes a prior strike under California law.

We conclude that substantial evidence supports defendant's lewd act conviction in count 3.  Regarding defendant's second claim of error, the People concede, and we agree

---

[1]  In counts 1 through 3, involving Doe 1, defendant was convicted of oral copulation on a child age 10 years or younger (Pen. Code, § 288.7, subd. (b), count 1); (undesignated statutory references are to the Penal Code); sexual penetration of a child age 10 years or younger (§ 288.7, subd. (b), count 2); and a lewd act on a child age under age 14 years or younger.  (§ 288, subd. (a), count 3)  In counts 4 and 5, involving Doe 2, and in counts 6 through 10, involving Doe 3, defendant was convicted of a lewd act on a child age 14 years or younger.  (§ 288, subd. (a).)

that insufficient evidence shows defendant's 1990 Florida conviction constitutes a prior strike under California law.  Thus, we reverse the true finding on the prior strike allegation and defendant's sentence, and we remand the matter for a retrial on the prior strike allegation and for resentencing.  In all other respects, we affirm the judgment.

## II.  DISCUSSION

### A. *Substantial Evidence Supports Defendant's Lewd Act Conviction in Count 3*

Defendant claims that insufficient evidence supports his lewd act conviction in count 3, one of the three counts involving Doe 1.  (§ 288, subd. (a).)[2]  We conclude that substantial evidence supports the conviction.

#### 1.  Relevant Background

Defendant and his girlfriend lived in one of four houses located on a single, large property.  Family members of defendant's girlfriend, including Doe 1, lived in the other houses.  Doe 1 was born in February 2002 and was 17 years old at the time of trial in August 2019.

Doe 1 testified that when she was eight or nine years old, she was alone in a room with defendant in defendant's house.  When asked whether anything of a sexual nature happened at that time, Doe 1 said, "Yeah"; and when asked to describe what happened, Doe 1 said, "[H]e would undress me, take pictures, touch me, touch my vagina, show me the videos, and he would take out a white liquid and put it in my vagina."  The prosecutor then asked Doe 1 to describe each of the things that defendant did.

---

[2]  See footnote 1, *ante*.

Doe initially responded that she was in defendant's room, lying on the bed with her clothes completely off, and defendant was taking pictures of her with his camera. When asked whether defendant did anything else to her on the day he took the pictures of her, Doe 1 said, "Yes. The other stuff I said." But, when asked whether defendant touched her while he was taking pictures of her with his camera, Doe 1 said she did not remember. And, when asked whether defendant did the "other things" she "said" on the same day he took the pictures, Doe 1 said, "No."

Next, Doe 1 was asked about the videos that defendant showed her. Doe responded that when she was eight or nine years old she was lying on defendant's bed. Defendant was standing next to the bed, holding his laptop computer, and showing her a video of a man and a woman having sex. Defendant told Doe 1 that he wanted her to do those things to him.

Next, Doe 1 was asked to describe how defendant touched her vagina. Doe 1 responded, "He just put his fingers in me, and then he would like rub his penis and put a white liquid in my vagina with his fingers." When this occurred, Doe 1 was eight or nine years old, she was completely naked in defendant's house, and no one else was in the house; but Doe 1 did not recall where she and defendant were in the house when this occurred.

When asked for further details of how defendant touched her vagina, Doe 1 said that he used his "two fingers," and he touched her vagina under her clothing. When asked where he touched her vagina, she said, "the inside"; and the touching caused her to

4

feel pain "in the inside" of her vagina. He moved his fingers around and "kept rubbing on" the inside of her vagina with his fingers.

Next, Doe 1 was asked about the white liquid that defendant put on his fingers and inserted into her vagina. Although Doe 1 recalled that she was eight or nine years old when this happened, she did not remember where she was in defendant's house when it happened, or whether it happened on the same or a different occasion than the time defendant rubbed the inside of her vagina with his fingers. Doe 1 did recall defendant was rubbing his penis, white liquid came out of his penis, and his pants were down but not completely off. Doe 1 testified, "he was rubbing it [(his penis)]; and then after, he put the liquid in me in my—in my pussy." She did not recall whether she felt any pain when this occurred.

Doe later testified that, on another occasion when she was eight or nine years old, she was sitting on a couch in defendant's house when defendant licked her "vagina." Doe was not wearing her "bottom clothes" or any underwear, and defendant was sitting on the floor in front or her.

2. Applicable Law and Analysis

In reviewing a challenge to the sufficiency of the evidence supporting a criminal conviction, we review the entire record in the light most favorable to the judgment in order to determine whether the record contains substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 575-578 (*Johnson*).) In reviewing the record for

5

substantial evidence, we presume in support of the judgment the existence of every fact the trier of fact could have reasonably deduced from the evidence. (*Id*. at p. 576.)

" '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the [judgment or] prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*Johnson*, *supra*, 26 Cal. 3d at p. 576; *Jackson v. Virginia* (1979) 443 U.S. 307, 318-319, superseded by statute on other grounds.) "The conviction shall stand 'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support the conviction." ' " (*People v. Cravens* (2012) 53 Cal.4th 500, 508.)

Defendant was convicted in count 3 of committing a lewd or lascivious act with Doe 1 in violation of section 288, subdivision (a). The statute provides in relevant part that, "a person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." (§ 288, subd. (a).) The statute "is violated by 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." (*People v. Martinez* (1995) 11 Cal.4th 434, 452.) The touching can involve any part of the victim's body. (*People v. Morales* (2018) 29 Cal.App.5th 471, 478.)

In her closing argument to the jury, the prosecutor argued that defendant was guilty of committing a lewd or lascivious act with Doe 1, as charged in count 3, based on

6

Doe 1's testimony that he rubbed the inside of her vagina with his fingers—*before* he put semen on his fingers and inserted his fingers *and the semen* into Doe 1's vagina. As the prosecutor argued, defendant committed "two separate acts" of digital penetration. The prosecutor relied on defendant's second act of digital penetration—with the semen on his fingers—to support the sexual penetration charge in count 2. (§ 288.7, subd. (b).)[3]

Doe 1's testimony that defendant rubbed the inside of her vagina with his fingers constitutes sufficient substantial evidence to support defendant's lewd act conviction in count 3. Doe 1 testified that defendant "put his fingers in me, *and then* he would like rub his penis and put a white liquid in my vagina with his fingers." (Italics added.) Doe 1 explained that defendant *first* touched her vagina on "the inside," moved his fingers around, and "kept rubbing on" the inside of her vagina with his fingers, before he rubbed his penis, put semen on his fingers, and put his fingers *and the semen* into her vagina. Based on this evidence, the jury could have reasonably concluded that defendant was guilty as charged in count 3.

Defendant argues that the prosecutor "misstated the evidence and conflated the incident [that Doe 1] recalled about having photos taken with the occasion when [he] masturbated, ejaculated, and digitally penetrated [Doe 1.]" In relevant part, the prosecutor argued: "He had been taking pictures of her, and after taking pictures of her,

---

[3] When a defendant is charged with a single criminal act, and the evidence at trial tends to show that the defendant committed more than one such criminal act, either the prosecutor must select the specific act relied upon to prove the charge to the jury, or the court must instruct the jury that it must unanimously agree that the defendant committed the same specific criminal act. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.)

7

she talked about how he was rubbing her vagina; *and at the same time he was rubbing her vagina, he was masturbating . . . .*" (Italics added)

Defendant argues that the prosecutor further misstated the evidence when she argued: "[W]hile [Doe 1] was lying on his bed, that's when he began rubbing her vagina *on her bare skin*; and as he was rubbing her vagina, he was masturbating. . . ." (Italics added.) He claims that Doe 1 did not testify that he rubbed any of the areas outside of her vagina, or that he did so when he was masturbating.

Defendant's argument is unavailing for two reasons. First, and as discussed, Doe 1 testified that defendant *rubbed the inside* of her vagina with his fingers, before he put semen on his fingers and put his fingers into her vagina a second time. Contrary to defendant's argument, the prosecutor did not misstate Doe 1's testimony in arguing that defendant was "rubbing" Doe 1's vagina. Doe 1 plainly testified that defendant "kept rubbing on" the inside of her vagina. The prosecutor's reference to rubbing Doe 1's vagina "on her bare skin" did not suggest that defendant rubbed any of the areas outside of Doe 1's vagina, including her labia majora, labia minora, or clitoris. Rather, Doe 1 testified that defendant rubbed the inside of her vagina with two of his fingers, and the prosecutor accurately characterized this testimony as "rubbing" Doe 1's vagina.

Second, it is immaterial whether defendant committed the first act of digital penetration *before or while* he was masturbating, or that the prosecutor suggested that defendant committed the first act of digital penetration while he was masturbating. "It is elementary . . . that the prosecutor's argument is not evidence[,] and the theories suggested are not the exclusive theories that may be considered by the jury." (*People v.*

8

*Perez* (1992) 2 Cal.4th 1117, 1126.)  The jury was correctly instructed on the elements of the lewd act charged in count 3.  (§ 288, subd. (a); CALCRIM No. 1110.)  Thus, the jury could have reasonably relied on defendant's first act of digital penetration as the basis of convicting defendant in count 3, regardless of whether defendant committed this lewd act before or while he masturbated.

Lastly, defendant argues there was no evidence that he "rubbed the outside of [Doe 1's] vaginal area, rather than digitally penetrating and rubbing the inside of her vagina, *as charged in count two*."  (Italics added.)  This argument conflates the evidence supporting count 2 with the evidence supporting count 3.  As discussed, Doe 1 did not testify that defendant rubbed any of the areas outside of her vagina.  Doe 1 did testify, however, that defendant twice digitally penetrated her vagina, and the prosecutor selected the first act of digital penetration as the basis of count 3, and the second act of digital penetration as the basis of count 2.

B.  *Insufficient Evidence Supports the True Finding on the Prior Strike Allegation*

Defendant claims, and the People and we agree, that the matter must be remanded for a retrial on the prior strike allegation because insufficient evidence supports the trial court's true finding on the allegation.

1.  Relevant Background

The information alleged that defendant had a 1990 Florida conviction for violating former Florida Statutes section 794.041, and that this conviction qualified as a prior strike conviction under California's "Three Strikes" law.  (§ 667, subds. (b)-(i).)  At the bench trial on the prior strike allegation, the court admitted into evidence the People's exhibits

9

1A-1K—comprised of certified copies of Florida court records—over defense counsel's hearsay and lack of foundation objections. The parties stipulated that fingerprints in the Florida court exhibits or "prior packet" matched defendant's known fingerprints. Thus, the court found beyond a reasonable doubt that defendant was the person identified in the Florida court records.

The court next considered whether the Florida court records showed that defendant had a prior Florida conviction that qualified as a serious or violent felony and a prior strike conviction under California law. The Florida court records include a judgment filed on January 23, 1990, showing that defendant pled no contest to four counts of "sexual battery custodial/family relationship, *as reduced*," in violation of former Florida Statutes section 794.041. (Exh. 1G, italics added.)

Exhibit 1A of the Florida court records appears to be a clerk's log in defendant's Florida court case, with handwritten notations and dates. Exhibit 1A indicates that defendant entered a no contest plea on January 23, 1990, and includes the handwritten notations, "See Plea," and, "All counts 1-4 reduced to sexual battery custodial/familial relationship 794.041." The Florida court exhibits do not contain a copy of defendant's no contest plea, any reporter's transcripts, or any statement that defendant made acknowledging the factual basis of his plea.

Pursuant to his plea, defendant was sentenced to 364 days in jail, to be followed by 10 years of probation. (Exhs. 1G.) Defendant violated the terms of his probation; his probation was revoked; and, in 1991, he was sentenced to five years in Florida state prison. (Exh. 1H-1K.)

10

The record shows the trial court found the prior strike conviction true based on the allegations of the Florida court information (Exh. IF), which charged defendant with four counts of violating section 794.011, subdivision (2), of the Florida Statutes, rather than based on the elements of the reduced charges of violating section 794.041 of the Florida Statutes, to which defendant pled no contest. Counts 1 and 2 of the Florida court information alleged that, between September 1, 1988, and January 12, 1989, defendant "commit[ted] sexual battery upon J.G. (a minor) a person less then twelve (12) years of age, by placing his penis in union with the anus of J.G . . . ." Counts 3 and 4 alleged that, between the same dates, defendant "commit[ted] sexual battery upon S.C. (a minor), a person less then twelve (12) years of age, by placing his penis in union with the anus and/or vagina of S.C. (a minor) and/or by penetrating the vagina of S.C. . . ." [4]

Referring to the Florida court information, the court noted that "sodomy and sexual intercourse" with a child under the age of 14 years would be a serious felony and a strike in California. The prosecutor agreed and pointed out that, "even if those particular offenses were not committed, the fact that [defendant had] sexual contact" with children under the age of 12 (or the age of 12) was "equivalent" to a violation of section 288, subdivision (a), in California and a strike conviction.

---

[4] Two Florida court "complaint/arrest" affidavits, issued in February 1989, contain allegations similar to, but less detailed than, the Florida court information. One affidavit states that defendant "took his penis and rubbed it against the anus of the child and told her not to tell anyone . . . on two separate occasions." (Exh. 1B.) The other affidavit states that defendant "rubbed his penis on a young girl's anus, the child being under twelve years of age at the time." (Exh. 1C.)

11

2.  Applicable Law and Analysis

For purposes of California's Three Strikes law (§ 667, subds. (b-(i)), a prior strike is a conviction either for a violent felony, defined in section 667.5, subdivision (c), or for a serious felony, defined in section 1192.7, subdivision (c).  (§ 667, subds. (b), (d)(1).)  To qualify as a prior strike conviction, an out-of-state conviction must be for an offense that, if committed in California, would have included all of the elements of, and thus would have constituted, a serious or a violent felony in California.  (*People v. Warner* (2006) 39 Cal.4th 548, 559 (*Warner*); § 667, subd. (d)(2) ["A prior conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison constitutes a prior conviction of a particular serious or violent felony if the prior conviction in the other jurisdiction is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of [s]ection 667.5 or serious felony as defined in subdivision (c) of [s]ection 1192.7"].)

The prosecution has the burden of proving all of the elements of an alleged prior strike allegation, or other sentencing enhancement allegation, beyond a reasonable doubt. (*People v. Miles* (2008) 43 Cal.4th 1074, 1082 (*Miles*).)  On appeal, we examine the entire record in the light most favorable to the judgment—specifically, the true finding on a sentencing enhancement allegation—to ascertain whether it is supported by substantial evidence.  (*Id*. at p. 1083)  That is, we determine whether any rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentencing enhancement beyond a reasonable doubt.  (*Ibid*.)

In determining whether a prior conviction qualifies as a prior strike conviction, the scope of the trial court's fact-finding authority is limited to (1) the facts established by the fact of the prior conviction, and (2) the facts the defendant admitted as the basis of his or her guilty verdict or plea.  (*People v. Gallardo* (2017) 4 Cal.5th 120, 136 (*Gallardo*).)  "[A] court considering whether to impose an increased sentence based on a prior qualifying conviction may not determine the 'nature or basis' of the prior conviction based on its independent conclusions about what facts or conduct . . . supported the conviction.  [Citation.]  That inquiry invades the jury's province [and the defendant's Sixth Amendment right to a jury trial] by permitting the court to make disputed findings about 'what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct.'  (*Descamps* [*v. United States* (2013) 570 U.S. 254] at p. 269.)  *The court's role is, rather, limited to identifying those facts that were established by virtue of the conviction itself—that is, facts the jury was necessarily required to find to render a guilty verdict, or that the defendant admitted as the factual basis for a guilty plea.*"  (*Ibid.*, italics added.)

Section 1192.7, subdivision (c)(6), defines a serious felony as including a "lewd or lascivious act on a child under 14 years of age."  Thus, in California, committing a lewd or lascivious act on a child under 14 years of age in violation of section 288, subdivision (a), is a serious felony.  (*Warner*, *supra*, 39 Cal.4th at pp. 556-557.)  But section 1192.7, subdivision (c)(6), is not limited to violations of section 288, subdivision (a); the statute encompasses "all types of felonies that involve lewd conduct

with children under 14 years of age." (*Warner*, at p. 556; *People v. Murphy* (2001) 25 Cal.4th 136, 141-149 (*Murphy*).)

As noted, the trial court found that defendant's 1990 Florida convictions would have been serious felony convictions under California law based on the Florida court information, which *charged* defendant in four counts of violating Florida Statutes section 794.011, subdivision (2). (Exh. 1F.) Specifically, the court agreed with the prosecutor's argument that, based on the Florida court information, defendant's Florida convictions would, at the very least, have been lewd act convictions if committed in California. (§ 288, subd. (a).) Alternatively, the court found that defendant's Florida court convictions would have constituted "sodomy and sexual intercourse" with a child under the age of 14. On these alternative bases, the court found the prior strike allegation true. But, on this record, insufficient evidence supports the trial court's true finding on the prior strike allegation.

The trial court's analysis of the prior conviction allegation was erroneous for several reasons. First, the court relied on the Florida court information, which *charged* defendant with four counts of violating Florida Statutes section 794.011, as establishing the factual basis of defendant's Florida court no contest plea. But the Florida court judgment—the record of defendant's Florida convictions—shows that defendant was not

convicted of violating Florida Statutes section 794.011.[5]  Rather, the judgment shows that defendant plead no contest to *reduced charges*—namely, four counts of violating former Florida Statutes section 794.041.

Second, the record does not show that defendant admitted any of the facts alleged in the Florida court information—or any other facts—as the factual basis of his 1990 Florida no contest plea and judgment.  As noted, the record contains no reporter's transcript or other record showing that defendant admitted the factual basis of his 1990 Florida no contest plea and judgment.  And, because the record contains no such statement, the court was limited to identifying the facts established by the fact of defendant's Florida *convictions* in determining whether those convictions would have been serious or violent felonies in California.  (*Gallardo*, *supra*, 4 Cal.5th at p. 136.) Third, defendant's no contest plea to violating former Florida Statutes section 794.041 and the record of his conviction do not establish that he engaged in conduct that would have constituted a serious or violent felony if committed in California.

Former Florida Statues section 794.041 was repealed, effective October 1, 1993, and reenacted as subdivision (8) of section 794.011.  (See *Clements v. State* (2007) 979 So.2d 256, 258.)  The former statute, to which defendant pled no contest to violating

---

[5]  At the time of defendant's alleged Florida offenses, Florida Statutes section 794.011 provided that "a  person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony . . . ."  (Former Fla. Sta., § 794.011, subd. (2).)  The statute defined "sexual battery" as the "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object. . . ."  (Former Fla. Stat., § 794.011, subd. (1)(h).)

15

in four counts, provided that, "Any person who stands in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age and who: [¶] . . . [¶] (b) Engages in sexual activity with that child is guilty of a felony of the first degree." (Former Fla. Stats., § 794.041, subd. (2)(b); see *Kolaric v. State* (1993) 616 So.2d 117, 118.) The former statute defined "sexual activity" as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object." (Former Fla. Stats., § 794.041, subd. (1).)

Former Florida Statutes section 794.041 was a general intent crime, which did not require that the sexual activity be committed with any specific intent or mens rea. (See *Georgia v. State* (2008) 976 So.2d 676, 677-678; *Roughton v. State* (2016) 185 So.3d 1207, 1209-1210 [sexual battery may be committed without proof of specific sexual intent].) In contrast, a violation of Penal Code section 288, subdivision (a), requires that the lewd or lascivious act be committed "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Thus, defendant could have violated the former Florida statute in each of four counts he admitted by his no contest plea, without acting with the specific intent required for committing a lewd or lascivious act in violation of Penal Code section 288, subdivision (a).

Additionally, former Florida Statutes section 794.041(2)(b), applied to "sexual activity" with children between the ages of 12 and 17, whereas Penal Code section 288, subdivision (a), applied, and still applies, to lewd or lascivious acts with children under the age of 14. Thus, defendant could have violated the former Florida statute with a child

16

aged 14 to 17 and not violated Penal Code section 288, subdivision (a), notwithstanding that the Florida information charged defendant, in four counts, with committing four violations of the former Florida statute with two 12-year-olds.

As the parties agree, retrial of a prior strike allegation is permissible where, as here, a true finding on the allegation is reversed on appeal for insufficient evidence. (*People v. Barragan* (2004) 32 Cal.4th 236, 259; *People v. Strike* (2020) 45 Cal.App.5th 143, 154.)  On remand, the prosecution may adduce evidence, not previously presented, that defendant's 1990 no contest plea to four counts of violating former Florida Statutes section 794.041 "encompassed a relevant admission about the nature" of his Florida court convictions.  (*Gallardo*, *supra*, 4 Cal.5th at p. 139; *In re Scott* (2020) 49 Cal.App.5th 1003, 1020-1021, review granted Aug. 12, 2020, S262716.)

## III.  DISPOSITION

The true finding on the 1990 prior strike allegation is reversed, and defendant's 460 years-to-life sentence is vacated.  The matter is remanded for a retrial of the 1990 prior strike allegation, if the People elect to pursue a retrial, and for resentencing.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.